# CHARLESTON.

BOARD OF EDUCATION v. HOLT *et al.*

Submitted September 2, 1903. Decided November 21, 1903.

<table>
<tr><td>54</td><td>167</td></tr>
<tr><td>p55</td><td>509</td></tr>
<tr><td>55</td><td>511</td></tr>
<tr><td>54</td><td>167</td></tr>
<tr><td>e56</td><td>148</td></tr>
</table>

1. WRIT OF PROHIBITION—*When Awarded.*

   The writ of prohibition only properly issues to prevent unlawful judicial action by inferior tribunals exercising or assuming to exercise judicial functions. It never issues against administrative boards exercising purely administrative functions. (p. 168).

2. WRIT OF PROHIBITION—*When not proper.*

   The writ of prohibition is never proper to try title to office and oust *de facto* officers and replace them by others claiming to be *de jure* officers. (p. 168).

3. MOTION TO DISCHARGE—*When not necessary.*

   When a circuit judge has issued a rule in prohibition directly contrary to the principles settled by this Court in a former case to which he was a party, this Court will not require the party making complaint to first make a motion to discharge such rule before applying to this Court for relief against the same. (p. 169).

Appeal from Circuit Court, Tucker County.

Writ of prohibition by Board of Education, Davis District, against Holt, judge, *et al.*

*Writ Awarded.*

CUNINGHAM & STALLINGS, for petitioner.

C. C. STRIEBY and CONLEY & SMITH, for respondent.

DENT, JUDGE:

The Board of Education of Davis District, Tucker County, asks for a writ of prohibiton against John Homer Holt, Judge of the circuit court of said county .

This is a controversy between two sets of men claiming to be the legal board of education of Davis district in the county of Tucker. The contestants, George H. Howard and Joseph Kline claiming to be the *de jure* board of education, obtained a writ of prohibition from Judge Holt against said E. K. Hovermale and R. C. McKelvey acting as the *de facto* board inhibiting them from acting as such board, and said Hovermale especially from acting as president and directing him to turn over to the alleged *de jure* board all the property belonging properly to the board of education of such district. In short the prohibition awarded was a writ of ouster, turning out the *de facto* board and installing the alleged *de jure* board until the title to the office could be inquired into and determined.

This is the case of *Hassinger* v. *Holt, Judge, &c.,* 47 W. Va., 348, repeated, and a refernce to the decision in that is sufficient to settle this case. This Court has so often held that the writ of prohibition only lies against judicial action of an inferior tribunal exercising judicial functions. Here it is used by the circuit court to prevent a *de facto* board of education from exercising purely administrative functions until the official titles of the members thereof can be inquired into. Not only is it used for this purpose, but it is used to put the incumbents out and put the contestants in until the title to the office can be determined. Thus making a writ of prohibition a revolutionary writ for the purpose of changing the administrative officers of the government until the title to the office can be settled. If one of the sets of claimants is entitled to the writ under the circumstances, why should not the others have it, and thus stop the functions of the office until the title thereto is settled. The wheels of the government could thereby be stopped for the want of administrative officers, and the courts would be compelled to appoint curators for or receivers of such offices, with power to

discharge the duties thereof until the right of office could be finally determined. Thus the court would have to assume the administrative functions of the government. Such use of prohibition is plain usurpation of and abuse of judicial functions. Prohibiton never issues to test the title to an office. *Quo warranto* is the proper remedy for this purpose. A *de facto* officer claiming to be *de jure* has the right to hold the office and discharge the functions thereof until his title or right thereto is determined against him by proper judicial authority. 2 Bailey on Jurisdiction, sec. 479; 16 En. Plead. & Prac., 1106. It is insisted that no motion was made in the circuit court to discharge the rule before application to this Court for relief. This is not always necessary. *Board* v. *Holt,* 51 W. Va., 435. It is only required as a matter of respect and courtesy to the circuit judge. When he is acting in total disregard of the principles settled by this Court in prior cases to which he was a party, such motion will be deemed unnecessary, as the circuit judge will be deemed to have acted advisedly when he issued the rule, and that a motion to discharge the same would be unavailing and an idle requirement.

The writ of prohibition is therefore awarded.

*Writ Awardeed.*