# CHARLESTON.

## MOORE *v.* HOLT AND OTHERS.

Submitted March 8, 1904.—Decided March 29, 1904.

1. CIRCUIT COURT—*Jurisdiction—Election.*

   Circuit courts have no original jurisdiction of election contests or re-counts, nor authority to prevent, by writ of prohibition, a person who claims to have been elected to an office from taking the same and assuming and exercising its powers and duties, on the ground of invalidity of the election or ineligibility of the party claiming the office, and, by awarding such writ in such case, a judge of such court subjects himself to a writ of prohibition from the Supreme Court of Appeals. (p. 510.)

2. PROHIBITION—*Jurisdiction.*

   The writ of prohibition lies only to inferior courts, boards, officer or tribunals, having judicial, or *quasi*-judicial, powers,

to confine them within their respective jurisdictions. It cannot be invoked against individuals in respect to rights claimed by, or asserted against, them. (p. 510.)

3.   PROHIBITION—*Jurisdiction—Officer.*
    By its writ of prohibition, a court acquires no jurisdiction of a controversy concerning the title to an office. (p. 510-11.)

4.   JURISDICTION.
    Besides having jurisdiction of the class of clauses to which a given cause of action belongs, a court must obtain cognizance of the particular cause by requisite process, before it can hear and determine it. (p. 511.)

Application by J. H. Moore and others for a writ of prohibition to Moses Ferguson and others.

*Writ Awarded.*

W. B. MAXWELL and D. H. HILL ARNOLD, for petitioners.

JERALD L. WAMSLEY, for respondents.

POFFENBARGER, PRESIDENT:

J. H. Moore and others pray for a writ of prohibition to prevent the Honorable John Homer Holt, Judge of the circuit court of Randolph county, from further proceeding upon a petition and rule in prohibition, pending in his court. Upon the petition of Moses Ferguson, C. W. Wilmoth, J. G. Coberly and L. J. Hyre, members of the council of the town of Montrose in said county, Elihu Wilmoth, Recorder of said town, and others, representing that the annual election of municipal officers of said town, held on the 7th day of January, 1904, at which, it was claimed and pretended, J. H. Moore had been elected Mayor, C. B. Hyre, Recorder, and O. B. Hyre, E. H. Moore, N. A Moore, W. Hoffman and W. H. Sidwell, councilmen, was void because illegally conducted, only five or six persons having voted and two of the commissioners who conducted the election having been candidates for whom votes were received and counted in said election, said judge awarded a rule, returnable on the 1st day of February, 1904, requiring the said J H. Moore, C. B. Hyre, O. B. Hyre, E. H. Moore and N. A. Moore to show cause why a writ of prohibition should not be awarded, prohibiting and restraining them from assuming, and exercising the powers and duties of, the offices to which they claim to have

been elected. On the 2d day of February, 1904, the defendants appeared and field a demurrer to the petition in which the plaintiffs joined, and the court took time to consider of its judgment. Thereupon the defendants, Moore and others, made the application aforesaid to this Court.

The case is substantially the same as that of *Board of Education v. Holt et als,* 46 S. E. 134. They differ only in this, that, in *Board of Education v. Holt,* it was sought to prohibit persons in office from further exercise of official powers, while here the object is to prevent certain persons from taking offices. In the case above referred to, this Court decided that prohibition is not a remedy by which the title to an office may be determined, nor one by which a person can be ousted from, or prevented from entering upon, an office. In the opinion, JUDGE DENT says: "Such use of prohibition is plain usurpation of and abuse of judicial functions."

Prohibition lies from a superior, to an inferior, court or an inferior board or tribunal having judicial, or *quasi*-judicial, powers, to prevent any act on its part in excess of its jurisdiction. Its office is to supervise the action of such inferior tribunals by confining them within their respective jurisdictions. Hence, it must always be awarded against such court and the parties unlawfully proceeding in it, and not against private individuals only, as in this case, where it could perform no function other than the determination of controversies between adverse claimants to an office or to property, or enforce performance of a duty, vindicate a right or redress a wrong. In contests between individuals, other remedies which the law affords must be resorted to. They cannot claim the benefit of one which has been provided for the sole purpose of preventing courts from acting without, or in excess of, jurisdiction, nor can a superior court, having power to award the writ, properly use it for any purpose other than that of supervising inferior courts as aforesaid. Whether a circuit court, by awarding it when it does not lie, merely because not a proper remedy, acts without jurisdiction or in excess of its jurisdiction, need not be decided here, for, in entertaining the petition and issuing the rule, the judge of the circuit court acted upon and interfered with a matter over which he had no jurisdiction and could not obtain jurisdiction by means of the petition filed.

The election and qualification of municipal officers are matters of which, in the first instance, the council of the city, town or village has sole and exclusive cognizance, within the limitations prescribed by law. Code chapter 47, sections 19—23. Should it decide erroneously, there is appellate, but not original, jurisdiction in the circuit court, and, if that court, by means of an injunction, or writ of prohibition, attempts to assert its original jurisdiction in respect to such matter, while it is pending in the council, or after the council has declared the result, it acts without jurisdiction for three reasons. First. The subject matter has not been brought within its cognizance by any process which the law has appointed for the purpose. Second. It is attempting to assert its original jurisdiction in respect to a matter of which another court has already taken jurisdiction. Third. The law has not conferred upon circuit courts original jurisdiction of election contests and recounts of election returns, but only appellate jurisdiction by means of *certiorari,* in the former, and *certiorari* or *mandamus* in the latter. The principles announced and applied in *Swinburn* v. *Smith,* 15 W. Va. 483, *County Court* v. *Boreman,* 34 W. Va. 87, and *County Court* v. *Armstrong,* 34 W. Va. 326, seem to fully support the views here expressed.

In deciding that the circuit court is acting without jurisdiction, the law conferring original jurisdiction by *mandamus* and *quo warranto* in respect to claimants of offices has not been overlooked. *Mandamus* lies to restore to office one who has been illegally ousted. *Dew* v. *Judges,* 3 H. & M. 1; *Lewis* v. *Whittle,* 77 Va. 415. *Quo warranto* lies to try and determine the right to an office, but it goes against one who is in office, not to prevent a person from taking an office. *State* v. *Shank,* 36 W. Va. 223; *State* v. *Matthews,* 44 W. Va. 372; *Kilpatrick* v. *Smith,* 77 Va. 347. But, in these cases, the process by which the subject matter is brought within the jurisdiction of the court, is authorized and given by law for that purpose. To sustain its action, a court must have, not only capacity to hear and determine causes of the class to which a given cause belongs, but actual cognizance of it, obtained by requisite process and pleadings. *Penna. R. R. Co.* v. *Rogers.* 52 W. Va. 450; *Railway Co. v Wright,* 50 W. Va. 653; *Ensign Co.* v. *Carroll,* 30 W. Va. 533. In its very nature, prohibition

is an improper proceeding by which to determine the title to an office. If it could go against a person in office the writ would, *ipso facto,* stop the exercise of the functions of the office before an adjudication of the right of the defendant to hold it. If awarded against a person out of office to prevent him from assuming its duties, its effect would be, in some instances, to leave the office vacant pending the controversy. Thus, the efficiency of the public service would be impaired and the state left without officers to execute the laws. Everything would be within the power of the courts. *Board of Education* v. *Holt,* 46 S. E. 134. A *mandamus* to restore a person to an office from which he has been illegally ousted works no interruption of the exercise of the functions of the office. It puts the ousted officer in and thereby incidentally ousts the intruder who has not been prevented from performing the duties of the office until the very moment of the re-instatement of the rightful incumbent. Upon a *quo warranto* calling upon the occupant of the office to show by what right he exercises its powers, he continues to discharge its duties until the question of his right to the office has been determined. High Ex. Leg. Rem. section 594. The law has wisely withheld from the courts any writ by which to vacate offices in advance of judicial determination of cause of removal coupled with the power of removal, and the use of the writ of prohibition in such cases as this clearly contravenes this great principle of public policy and natural right. Hence the courts, by using it, obtain no jurisdiction of controversies of the kind presented, because the inevitable effect of its use is to do that which the court has no power to do.

For the foregoing reasons, the writ of prohibition applied for will be granted.

*Writ Awarded.*