# CHARLESTON.

STATE *ex rel.* FRED NOCE *v.* P. L. BLANKENSHIP, SHERIFF, *et al.*

Submitted February 27, 1923.   Decided March 6, 1923.

1.   PROHIBITION—*Lies as a Matter of Right for Usurpation or Abuse of Power.*

Prohibition lies as a matter of right, in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction exceeds its legitimate powers.   (p. 274).

2.   SAME—*Prohibition Lies Only to Inferior Courts, Boards, Officers, or Tribunals Exercising Judicial or Quasi-Judicial Powers; Prohibition Does Not Lie to Mere Ministerial or Executive Officers Not Exercising Judicial or Quasi-Judicial Powers.*

Prohibition lies only to inferior courts, boards, officers or tribunals, having and exercising judicial or quasi-judicial powers; it does not lie to mere ministerial or executive officers alone who do not, or are not exercising judicial or quasi-judicial powers.   (p. 274).

3.   SAME—*Rule and Writ of Prohibition to Prevent Collection of Judgment Must be Directed to Court Rendering Judgment and Sheriff Having Execution and to judgment Creditor.*

Where prohibition is sought to prevent the collection of a judgment on the grounds that the court which pronounced it was without jurisdiction, the rule and writ must be directed to the judge of the court which rendered the judgment; and the sheriff who has the execution, if one be issued, and not returned satisfied, as well as the judgment creditor, should be made parties.   (p. 274).

McGINNIS, JUDGE, absent.

Petition by the State, on the relation of Fred Noce, against

P. L. Blankenship, Sheriff of Raleigh County, and others, that defendants be ruled to show cause why a writ should not be awarded against defendants prohibiting any further action to enforce a judgment against plaintiff by execution or otherwise.

*Writ denied.*

*Worrell & Ballard,* for relator.

LIVELY, JUDGE:

A rule in prohibition was sought and obtained by petitioner against P. L. Blankenship, sheriff of Raleigh County, Hiram Lizemore, sheriff of Wyoming County, and Sallie Z. and Sam Laxton. There has been no return to the rule, and petitioner now moves that the writ be issued as prayed for.

The petition avers that each sheriff has in his hands an execution in favor of Sallie Z. and Sam Laxton against petitioner for the sum of $150 and costs issued on a judgment rendered by the circuit court of Wyoming County in a suit therein pending in which petitioner is plaintiff and the Laxtons are defendants, appealed from a justice' court; that said judgment is null and void for want of jurisdiction in said court to pronounce the same. The prayer is that the said sheriffs and Laxtons be ruled to show cause why a writ of prohibition shall not be awarded against them prohibiting the sheriffs and their successors in office, and the said Laxtons from taking any further action to enforce the judgment by execution or otherwise.

Does prohibition lie against these parties?

The writ of prohibition lies only to inferior courts, boards, officers or tribunals having judicial or quasi-judicial powers, to confine them within their respective jurisdictions. It is never invoked against individuals in respect to rights claimed by them. *Moore* v. *Holt,* 55 W. Va. 507. Blackstone says that the writ issues from a superior court, "directed to the judge and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof, upon a suggestion that either the cause originally, or some collateral

matter arising therein, does not belong to that jurisdiction but to the cognizance of some other court." 3 Bl. Com. p. 111, 112.    *Burch* v. *Hardwicke,* 23 Grat. 51; *Cameron* v. *Kenfield,* 57 Cal. 550; High Extra. L. Rem. sec. 762; *Brazie* v. *Commissioners,* 25 W. Va. 213.

Where a court has no jurisdiction to pronounce judgment prohibition will go as well after the judgment has been pronounced as before, to restrain the adverse litigant and the court from proceeding to enforce the judgment. *French* v. *Noel,* 22 Grat. 454.    See foot note to *Hogan* v. *Guigon,* 22 Grat. 713, as to when prohibition lies.    *Hein* v. *Smith,* 13 W. Va. 358; *Ensign* v. *Carroll,* 30 W. Va. 532; *Bodley* v. *Archibald,* 33 W. Va. 231, where Judge Snyder said that prohibition would lie against justices and other petty tribunals from exercising jurisdiction, even after judgment, but before it is carried into effect.    In *Wilkinson* v. *Hoke,* 39 W. Va. 403, Judge Holt said: "It is true that the judgment has been entered, and is now final, and that the circuit judge is not a ministerial officer of his court; yet it appears that execution issued has not been satisfied or returned, and the circuit court and the judge in vacation has control over its process both mesne and final, and the ministerial officers of the court are but parts of the machinery."    In *City of Charleston* v. *Beller,* 45 W. Va. 44, it was held that prohibition is the proper remedy to prevent enforcement, by execution, of an unauthorized judgment for costs.    In *Simmons* v. *Thomasson,* 50 W. Va. 656, the broad statement is made that "all judgments in excess, want or abuse of legitimate powers, are void and subject to prohibition.

These cases are cited to show that the petitioner is entitled to the writ if the judgment was rendered without jurisdiction in the circuit court of Wyoming county, as alleged in the petition.    But to whom does the writ lie?    Is the sheriff a judicial or quasi-judicial officer?    Certainly not. The sheriff is a ministerial or executive officer of the court, exercising no judicial powers in the collection of an execution. No return is made to the rule, and the allegations in the petition stand unchallenged.    But the jurisdiction of the

circuit court is unchallenged by the petition, and to that challenge the judge has the right to respond. He has been given no opportunity. The rule to show cause must go against both the tribunal to be prohibited from exercising jurisdiction and the person having adverse interests to be affected by the writ; and the writ must also be against both as parties to it. *Kump* v. *McDonald,* 64 W. Va. 323; 61 S. E. 909; *Mayo* v. *James,* 12 Grat. 23; *Armstrong* v. *County Court,* 15 W. Va. 190.

The defect in the declaration of prohibition, the petition, is such that we cannot issue the writ.

In this state of the pleadings, we have not considered the facts on which the allegation of the invalidity of the judgment is based; and express no opinion as to whether the judgment complained of is valid, void or voidable.

The writ is denied.

*Writ denied.*