## CHARLESTON.

In the Matter of the Petition of D. B. Daugherty for Reinstatement on the Roll as a Member of the Cabell County Bar

(No. 5822)

Submitted November 16, 1926. Decided January 12, 1927.

Attorney and Client—*Lawyer Seeking Reinstatement From Order of Disbarment or Suspension Must Satisfy Court That He is Fit; Restoration of Disbarred or Suspended Attorney is Largely Within Sound Discretion of Court to Which He Applies.*

A lawyer seeking reinstatement from an order of disbarment or suspension must, like a candidate for admission to the bar, satisfy the court to whom the application is presented that he is a fit person to be entrusted with the office of attorney; his restoration to the privilege of which he has been deprived being largely a matter within the sound discretion of such court. (p. 9).

(Attorney and Client, 6 C. J. § 97.)

2. Same—*Court Cannot, in Absence of Statutory Authority, Inhibit Attorney From Practicing in Other Courts.*

One court cannot, in the absence of statutory authority, inhibit an attorney from practicing in other courts. (p. 10).

Attorney and Client, 6 C. J. § 38.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Miller, Judge, absent.

Error to Circuit Court, Cabell County.

Petition by D. B. Daugherty for reinstatement as a member of the Cabell County Bar. To review a denial of the petition, the petitioner brings error.

*Affirmed in part; reversed in part.*

*John T. Graham* and *F. C. Leftwich,* for plaintiff in error.
*C. W. Strickling* and *Henry Simms,* for Cabell County Bar
Association.

LITZ, JUDGE:

. The petitioner, D. B. Daugherty, is an attorney at law,
having been admitted to the Bar of this State in 1908. He
was convicted and fined $1000 in the United States District
Court for the Southern District of West Virginia, September
26, 1923, for violation of the postal laws; the presiding judge
stating, at the time of pronouncing judgment, that Daugherty
would be denied the privilege of further practicing in said
court for a period depending upon his future conduct.

Upon his own petition reciting the proceedings in the Fed-
eral Court, the circuit court of Cabell county (where
Daugherty has resided since 1902) entered an order October
13, 1923, striking his name from the list of attorneys
practicing in said court, and inhibiting him from practic-
ing in any of the courts of Cabell county until the further
order of the court. In June, 1925, he presented to the circuit
court of Cabell county his petition for reinstatement in the
courts of said county. The court promptly referred the
matter to the bar association of said county for recommenda-
tion. The bar association having ratified an adverse report
filed by its grievance committee to the petition, proof was
heard by the court on numerous charges of irregularities
against the petitioner, upon consideration of which an order
was entered July 13, 1926, denying the application. By writ
of error the petitioner seeks an order from this Court reversing
the ruling of the circuit court and reinstating him to the
office of attorney in the courts of Cabell county.

As already indicated, the order of the circuit court rests
upon a number of irregularities alleged against the petitioner,
(involving voluminous evidence), in addition to his conviction
in the Federal Court, the basis of the original order of October,
1923. Without detailing the charges, or analyzing the evi-
dence, we are compelled, after a thorough consideration of the
whole case, to affirm the ruling of the circuit court in so far

as it denies to the petitioner the right to be reinstated as a practicing attorney in that court.

The reinstatement of an attorney is a matter largely within the sound discretion of the court passing upon the application. An applicant for reinstatement must, like a candidate for admission to the bar, satisfy the court that he is a fit person to be entrusted with the privilege of practicing law. 2 R. C. L. p. 1114. The deciding question on such application is whether the applicant is of good moral character in the sense in which that phrase is used when applied to attorneys at law, and is a fit and proper person to be entrusted with the privileges of the office of an attorney. 6 C. J. p. 615. "A disbarred attorney seeking reinstatement must, like a candidate for admission to the bar, satisfy the court that he is a person of good moral character, and he has this burden whether or not opposition is made to his application." 2 Thornton on Attorneys, Sec. 902, p. 1334.

However much inclined to resolve the doubts in favor of the petitioner, we are unable to say from the record that the circuit court has abused its discretion in refusing to restore his name to the roll of attorneys practicing therein, notwithstanding most of the charges are based upon alleged irregularities prior to the order of suspension.

This order, however, in so far as it inhibits the petitioner from practicing in any other than the circuit court of Cabell county is void. No court in this State, without statutory authority, can disbar or suspend an attorney from practicing in other courts. "The right to practice as an attorney in Virginia is not conferred by the court as in England, but is derived from a license obtained in a prescribed mode, which entitles the person obtaining it to be admitted as an attorney and counsel in each and all of the courts of the commonwealth. *To deprive him of such a license is, therefore, the exertion of a higher authority than that which can be exercised by any one court, by analogy to the English practice.*" *Ex parte Fisher*, 6 Leigh. 619, 624.

In *Ex parte Hunter*, 2 W. Va. 145, the court said: "It will be observed also that there is a marked distinction between the power of the court to supersede or annul the attorney's

license, as provided in the 5th and 6th sections of chapter 164 of the Code, and the common law power to disbar him from practicing as an officer of the particular court. In the former case it can only be done for the causes assigned, and in the mode prescribed by the statute, and when so done supersedes or annuls the license altogether, and alike debars from admission, and disbars after admission from all the courts of the State. (*Fisher's Case*, 6 Leigh, p. 619.) But in the latter case, that is, of amotion or suspension from the particular court,—the court exercises only the common law powers of a court of record, and its judgment, whether called a judgment of amotion, suspension, expulsion, disbarment, or striking from the roll of attorneys, only affects the official position of the party in that particular court.''

In *State* v. *McClaugherty*, 33 W. Va. 257, 10 S. E. 409, the Court construed Sec. 6, Chapter 119, Code, as follows: ''It is very apparent that this statute is intended to apply only to cases the object of which is to suspend or annul the license of an attorney absolutely and in all courts, and not to proceedings for the revocation of the privilege of an attorney to practice in the particular court revoking such privilege. That such is the proper interpretation of the statute appears from the decision in *Fisher's Case*, 6 Leigh 619, rendered in 1835, under a statute from which ours was taken, and, as to the question here presented, identical with ours.''

Sections 5 and 6 of Chapter 119, Code, provide:

> *Sec. 5.* ''Any court before which any attorney has been qualified, on proof made to it, that he has been convicted of any felony, may supersede his license.
> *Sec. 6.* ''If the supreme court of appeals or any circuit or county court observe any malpractice therein by any attorney, or if complaint be made to any of said courts of malpractice by any attorney therein, such court shall order the attorney to be summoned to show cause why his license shall not be suspended or annulled and upon the return of the summons executed, if the attorney appear and deny the charge of malpractice, a jury shall be impaneled to try the same; and if the attorney be found guilty, or if he fail to appear and deny

the charge, the court may either suspend or annul the license of such attorney as in its judgment shall seem right; and whenever a judgment or decree shall be standing or rendered in either of said courts against an attorney for money by him collected as such, it· shall be the duty of such court to suspend the license of such attorney until such judgment or decree shall be satisfied.''

The prosecution contends that the inhibition against the petitioner practicing in courts other than the circuit court of Cabell county was authorized under Section 5 of the statute, on the ground that the crime for which he was convicted in the Federal Court is a felony. This position cannot be sustained. The petitioner was charged with violation of Section 215 of the Federal criminal code, the penalty for which is a fine of not more than $1,000, or imprisonment for not more than five years, or both. Where a Federal statute designates or denounces the crime of the character or class which at common law was regarded as ·a felony, without naming it as a misdemeanor, it is to be classed as a felony; but not if it is termed by the statute a misdemeanor. *Morris* v. *United States,* 161 Fed. 672. In the absence of any definition in the statute, and if the offense was not a common law felony, it must be classed as a misdemeanor. *Considine* v. *United States,* 112 Fed. 342, 184 U. S. 699. The crime for which the petitioner was tried not being a felony at common law, nor denominated as such in the statute, it is to be regarded as a misdemeanor.

We therefore affirm the order of the circuit court in so far as it denies to the petitioner the privilege of an attorney therein; and further hold that the inhibition against his practicing in other courts of Cabell county is without authority and void.

*Affirmed in part; reversed in part.*