# CHARLESTON.

THE COUNTY COURT OF MASON COUNTY *v.* JOE F. ROUSH

(No. 6092)

Submitted March 13, 1928.     Decided March 20, 1928.

JUDGMENT—*Judgment of Court Within its Jurisdiction Which Has Become Final Cannot be Set Aside, Except in Some Lawful Mode of Review; Court's Order Approving Commissioners' Report Assessing Compensation for Land Condemned Became Final After End of Term and 30 Days' Suspension Period, and Could Not be Set Aside by Subsequent Order.*

The judgment of a court within its jurisdiction, which has become final, cannot be set aside except in some lawful mode of review.

(Judgments, 34 C. J. § 437.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mason County.

Proceeding by the County Court of Mason County against Joe F. Roush to condemn land. An order was entered setting aside a former order approving a commissioners' report assessing damages, and, after trial and a verdict giving defendant no damages, defendant brings error.

*Reversed and remanded.*

*B. H. Blagg* and *J. E. Beller,* for plaintiff in error.

HATCHER, JUDGE:

Commissioners appointed by the circuit court of Mason county to ascertain what would be just compensation for land proposed to be taken for a public road through the property of J. F. Roush made a report January 26, 1926, assessing his damages at $500.00. On May 14, 1926, *on motion of the county court,* the circuit court entered an order filing and approving the report. The order gave thirty days from the beginning of the court in which either party could file exceptions, and ordered that if no exceptions should be filed, Roush recover $500.00 from the county court. No exceptions were filed. On July 13, 1926, however, the county court entered an order in its records in which it purported to examine and amend the report by writing opposite the damages awarded Roush the figures $250.00, and to adopt the report as amended. It does not appear that Roush had notice of this action of the county court.

The circuit court entered another order on January 10, 1927, stating that the order of May 14, 1926, was set aside as "null and void", finding that the order of the county court purporting to amend the commissioners' report "shows that said assessment was not satisfactory to the county court", and that an appeal to the circuit court was properly taken and directing that the case be placed on the appeal docket of the court and tried as other condemnation proceedings. Roush objected and took proper exceptions. The case was then tried before a jury which found that he was entitled to no damages.

Grave assignments of error are made by Roush to the judi-

cial rulings at the trial. A consideration of these charges would serve no useful purpose however as the court was clearly without jurisdiction to enter the order of January 10, 1927. The order of May 14. 1926, became final after the term had ended and the thirty day suspension therein mentioned had expired. Having become final, the judgment in favor of Roush passed beyond the control of the circuit court in this proceeding. *Green Co.* v. *Rr. Co.,* 11 W. Va. 685; *Ruhl* v. *Ruhl,* 24 W. Va. 279; *Morgan* v. *Rr. Co.,* 39 W. Va. 17, 19; *County Court* v. *O'Neal,* 42 W. Va. 295.

The initial error of the circuit court (as disclosed by a recital in the order of January 10, 1927), was induced by misconstruction of section 138, of chapter 43, Code, which allows six months in which to appeal to the circuit court from an award of commissioners. The appeal there referred to is one in a special proceeding, which the statute provides the county court may conduct for the purpose of ascertaining the damages to a land owner for land proposed to be taken for a county-district road. The provision has no reference whatsoever to a proceeding like this, which was originally instituted in the circuit court. It is obvious that the legislature would not provide an appeal to the circuit court for a case which was already in that court.

The order of the circuit court entered January 10, 1927, and all orders entered in the case subsequent thereto are reversed and set aside and the case remanded.

*Reversed and remanded.*