# CHARLESTON.

K. M. AIDE *et als. v.* J. N. AMBURGEY *et als.*

(No. 6404)

Submitted May 7, 1929.    Decided May 14, 1929.

*Goodykoontz & Slaven,* for appellant.

LITZ, JUDGE:

A note for $500.00 dated March 17, 1924, payable to the order of J. N. Amburgey at the First National Bank of Williamson, Williamson, West Virginia, thirty days after date, and a note for $672.40, dated and payable as the first, were signed by K. M. Aide as maker and indorsed by W. M. Hymore and K. M. Regep. On April 7, 1924, the plaintiff, K. M. Aide, presented his bill of complaint to the Judge of the circuit court of Mingo county, in vacation, charging that the sole consideration for the notes was his release from an illegal confinement in prison, and praying that the First National Bank of Williamson, who held the notes for collection, be enjoined from delivering them to Amburgey or any other person, firm or corporation, and that the bank and Amburgey be restrained from collecting the notes and required at the

final hearing to deliver them to the plaintiff. A preliminary injunction was awarded as prayed, enjoining the bank from delivering the notes to Amburgey or any other person, firm or corporation until the further order of the court.

A decree was entered, April 24, 1924, upon the joint petition of W. M. Hymore and K. M. Regep which adopted the allegations of the bill making them parties plaintiff. Amburgey filed his answer July 21, 1924, denying the charges of the bill and petition, and praying for a decretal judgment upon the notes in his favor against the plaintiffs. Depositions having been taken and filed on the issues raised by the pleadings, a final decree was entered May 13, 1925, dissolving the temporary injunction and pronouncing judgment in favor of Amburgey against the plaintiffs for $1,252.90. March 16, 1926, an order was entered, referring to the decree of May 13, 1925, stating that the original, endorsed for entry, could not be bound, and submitting the cause to the court ''for investigation and consideration'' of the premises. May 6, 1926, another order was entered, as follows: ''This day this cause came on to be heard on the former orders and decrees herein and especially the order heretofore entered herein found in chancery order book No. 19 at page 168, and it appearing to the court from an inspection of the papers in the cause that the said decree is improper and erroneous as to W. M. Hymore on his motion, by counsel, it is adjudged, ordered and decreed that said decree of May 13th, 1925, so found in chancery order book No. 19 at page 168 be and the same is hereby set aside as to William Hymore and that the suggestion heretofore sued out herein be and the same is hereby dismissed and released but that said decree in all other respects be and is hereby made the order and decree of this court in this cause and in no other respect modified or changed.'' Another order was entered March 27, 1928, bringing the case on again for final decision upon the pleadings and proof. After reciting that no final decree had ever been entered adjudicating the rights of W. M. Hymore, it adjudges, orders and decrees, ''that the notes set forth in the bill of complaint of the plaintiff, K. M. Aide, and in the petitions of the said W. M. Hymore and K. M. Regep, be and they hereby are in their

entirety set aside, cancelled, rescinded and held for naught in so far as the said W. M. Hymore is concerned and affected thereby; and that the defendants, J. N. Amburgey and the First National Bank of Williamson, a corporation, be and they hereby are perpetually enjoined and restrained from in any way collecting or attempting to collect the said notes or any part thereof from the said William Hymore, his personal representatives, heirs and assigns; and nothing further remaining to be done in this cause, it is ordered that the same be retired from the docket of this court.''

The defendant, J. N. Amburgey, appeals from the orders of May 6, 1926, and March 27, 1928, which, having been entered after the final decree of May 13, 1925, are nullities. ''The judgment of a court within its jurisdiction, which has become final, cannot be set aside except in some lawful mode of review.'' *County Court* v. *Roush*, 105 W. Va. 355. Absence from the file of the suit of an order endorsed for entry has no effect upon the decree which has been properly entered upon the records of the court.

The decree of the 27th day of March, 1928, is reversed; the decree of May 6, 1926, notwithstanding its invalidity, cannot be reached by this appeal, which was granted more than two years after its entry.

*Reversed.*