THOMAS C. WYATT *v.* HONORABLE E. C. MARSHALL, *Special Judge, et al.*

(No. 7602)

Submitted May 12, 1933. Decided June 6, 1933.

(Rehearing denied August 1, 1933)

*Capehart & Miller*, for petitioner.

*Crockett & Tucker, A. W. Reynolds* and *Theodore W. Reath*, for respondent Pocahontas Coal & Coke Co.

MAXWELL, PRESIDENT:

Thomas C. Wyatt seeks by this writ to prohibit a trial chancellor (special judge) from proceeding further with reference to two designated parcels of land involved in a school commissioner's suit pending in the circuit court of McDowell County.

In said suit instituted in 1927, to subject to sale for the benefit of the school fund certain delinquent and forfeited lands, petitioner was named in the bill as the only known claimant of two tracts of land designated as Nos. 1 and 2, containing six acres and twenty acres, respectively. Upon motion of Wyatt, he was permitted to redeem the two tracts, and an order of redemption was entered April 18, 1927, without a reference of the cause to a commissioner in chancery. (The decree recited that the parties waived reference to a commissioner.)

In July, 1927, at the next succeeding term of circuit court, the Pocahontas Coal & Coke Company filed its petition praying to be made a party to the school commissioner's suit. The Pocahontas Company asserted ownership of said lots Nos. 1 and 2 under title to a certain tract of 50,000 acres more or less known as the Lansburgh tract, lying principally in the County of McDowell, West Virginia, and partly in the County of Buchanan, Virginia. Petitioner prayed that the decree of redemption of April 18, 1927, be set aside and held for naught and that the said chancery suit in so far as it pertains to the said two tracts be referred to a commissioner in chancery to enable petitioner to present proof of its claim. Over the protest of Wyatt the court entered an order December 21, 1932, purporting to set aside the said decree of redemption of April, 1927, and referred the cause to a commissioner in chancery with respect to the said two parcels of land.

In this proceeding Wyatt seeks to prohibit the trial chancellor from proceeding further in said school commissioner's suit in so far as said two tracts are concerned, to the end that the decree of redemption of April 18, 1927, may remain in full force and effect as though the decree of December 21, 1932, had not been entered.

Judging from recitals in the latter decree, the trial chancellor undertook to set aside the decree of redemption because at the time of the entry of the same the Pocahontas Coal & Coke Company was not a party to the suit and had no notice thereof, and because there was no reference of the cause to a commissioner in chancery as contemplated by section 8, chapter 105, Code of 1923.

"The judgment of a court within its jurisdiction, which has become final, cannot be set aside except in some lawful mode of review." *County Court* v. *Roush,* 105 W. Va. 355, 142 S. E. 520. This is settled law and is not questioned in this case, but the Pocahontas Company seeks to justify the action of the chancellor of December 21, 1932, on the ground that the court was without jurisdiction to enter the decree of redemption of April 18, 1927, because the said company was not a party to the suit at that time and had no notice thereof; that there was no order of reference, and therefore that the purported re-

demption was void. Thus, the query before us: Was the decree of redemption void?

Section 6, chapter 105, Code 1923, prescribing the procedure in suits by commissioners of school lands for the sale of delinquent land for the benefit of the school fund requires that "all persons claiming title to or interest in any such lands shall, also, as far as known, be made defendants therein." Reliance is had by the Pocahontas Company upon this statute in support of its position. It also invokes as conclusive and controlling herein the holding of this Court in the case of *Neal* v. *Wilson*, 79 W. Va. 482, 92 S. E. 136. Syllabus 1 of that case reads:

> "A former owner or claimant of land, having the right of redemption, whose claim is disclosed by the records of the clerk's office of the county court, is a known claimant, within the meaning of Sec. 6, Ch. 105, Barnes' Code, and should be made a party to a suit of the commissioner of school lands for the sale thereof, and, if a resident of the state, served with process. The failure to make such person a party and serve him with notice renders the sale and deed to the purchaser, made in pursuance thereof, void as to him, unless he has voluntarily come into such suit by petition."

There a town lot became delinquent in the name of one Martin for the non-payment of taxes for the year 1906. In February, 1907, Martin conveyed the lot to Neal and Wolfe, and, later, Wolfe conveyed his undivided interest to Neal. Subsequent to 1906, all taxes were regularly paid by Neal. In January, 1909, the lot was sold by the sheriff and purchased by the state on account of the unpaid taxes of 1906. In 1911, a suit was instituted by the commissioner of school lands to sell said lot and other parcels of land for the benefit of the school fund. Bee and others purchased said lot under decree in said suit and received a deed for the same July 1, 1912.

Neal brought suit to cancel the deed and to obtain permission to redeem the lot. The court treated the bill as a petition filed in the school commissioner's suit under authority of section 6, chapter 105, Code 1913, and granted the relief prayed for. In the opinion, the court said:

"Plaintiff was a resident of Parkersburg during that proceeding, and for many years prior thereto. His deed was recorded before that proceeding was begun, and the land books showed a transfer of the lot from Martin to him. * * * It is apparent that a mere casual examination of the record would have disclosed plaintiff's claim and, therefore, his right to be made a party. Sec. 6, ch. 105, Code, provides that, in a proceeding to sell the State's lands, the former owner, and 'all persons claiming title to or interest in any such lands shall, also, as far as known, be made defendants therein.' In this case, it was more important that plaintiff should have been made a party than it was that Martin should have been made a party, for the reason that Martin had conveyed his title to plaintiff, thereby giving him the right to redeem. Plaintiff should have been made a party and, being a resident of the county, served with notice in order to give him an opportunity to redeem his land. The fact that his claim may not have been known to the school commissioner does not excuse that officer's failure to make him a party. It was his duty to ascertain his interest from the records, as it was of such character as to be discovered by the exercise of reasonable diligence. Plaintiff must, therefore, be regarded a *known claimant*, and entitled to be served with process. The failure to give him notice and an opportunity to redeem, renders void the decree for the sale of his lot and the deed to appellants in pursuance thereof.''

How great the contrast between the situation in that case and the case at bar! In the *Neal* case a casual examination of the records in the office of the county clerk would have disclosed Neal's interest in the property. In the case at bar, however, there is nothing in the record to indicate that the commissioner of school lands should have deemed the Pocahontas Company a ''known claimant'' to the said two small parcels of land, nor is it made to appear that any reasonable examination of the public records of McDowell County would have afforded such information to the school lands commissioner. The statute does not require that all possible claimants be made parties defendant in school land suits. That would be unreasonable. The requirement pertains only to known claimants. The requirement is for the convenience of

such claimants, in order that, as parties to such suits, they may have their claims expeditiously determined without the necessity of the prosecution of independent suits for the purpose of litigating such claims. The statute is permissive. Conflicting claims may be determined in the school lands suit. *State* v. *Harman*, 57 W. Va. 447, 50 S. E. 828. But there is no compulsion. A claimant, not a party to such suit, is, of course, unaffected by any decree entered therein, and thereafter his right to assert his title in any appropriate legal proceeding remains unimpaired. Such, we think, is the situation at bar. Therefore, we are of opinion that the trial chancellor was not warranted in setting aside the redemption of April 18, 1927, on the ground of the absence from the suit of the Pocahontas Coal & Coke Company as a party defendant. The decree of redemption was not void on that account.

Now as to the absence of an order of reference. The statute, Code 1923, chapter 105, section 8, required: ''When a decree of reference is made in any such suit (suit of commissioner of school lands), the commissioner (commissioner in chancery) before proceeding to the discharge of his duties, under such decree, shall give notice to all the parties to such suit and to all unknown owners and claimants of the lands, or any part of them, mentioned in the bill, by publication * * *.'' While such procedure is usual and proper and is contemplated by the statute (*State* v. *Moore*, 71 W. Va. 285, 76 S. E. 461), the statute is not mandatory, nor are we impressed that a reference is indispensable in all cases. Where, so far as reasonably can be known, all parties interested in a parcel of land are before the court, we do not perceive any reason why a decree satisfactory to them and to the school commissioner may not be entered by the court without there having been the formality of a reference to a commissioner in chancery. Certainly, in such circumstances, a decree of redemption in the absence of a reference is not void even if erroneous. *Starr* v. *Sampselle*, 55 W. Va. 442, 47 S. E. 255. It is interesting to note that under the statute as amended, Code 1931, 37-3-19, it is made plain that there need not be an order of reference if the right of redemption seems clear.

In the light of the foregoing consideration of the matters involved, we are unable to discern any basis on which the

trial court was warranted, at a subsequent term, in treating the decree of redemption as void and entering an order of reference with respect to the two parcels of land which had been redeemed. The decree of redemption having become final at the adjournment of the term at which entered, the trial court is without jurisdiction to deal further with said two parcels in said suit. Therefore, a writ of prohibition will issue.

*Writ awarded.*