Ex Parte S. P. Mitchell

(CC 643)

Submitted April 15, 1941. Decided May 13, 1941.

284

J. *Howard Hundley,* for petitioner.
*Melville Stewart,* for respondent.
*Wm. M. Woodroe,* amicus curiae.

ROSE, JUDGE:

The Circuit Court of Kanawha County, on its own motion, certified here the questions of law arising before it upon the demurrer of the Charleston Bar Association to the petition of S. P. Mitchell, formerly a member of the Bar of that court, seeking to be reinstated as such.

In the first paragraph of the petition, Mitchell alleges:

> "That by an order entered in this Honorable Court on the 11th day of June, 1937, more than two and one-half years ago, he was disbarred from practicing law in the Courts of this State, until the further order of this Honorable Court."

The second, third, fourth and fifth paragraphs allege generally the settlement of all matters of which petitioner was convicted; the removal of a certain agent of the petitioner, through whom the petitioner's troubles are claimed to have arisen; and the feeling of the petitioner that he has been sufficiently punished. The prayer is, *inter alia,* that the petitioner may be:

> "* * * reinstated as a practicing Attorney-at-law of the Circuit Court of Kanawha County and all other Courts of West Virginia, and that the order annulling his said license may be set aside and held for naught * * *."

The demurrer to the petition is based upon the contention that the order sought to be set aside annulled absolutely and finally the license of the petitioner to practice law, and that, therefore, the Circuit Court of Kanawha County had no jurisdiction to entertain the petition, or to grant any relief prayed for therein.

The demurrer was overruled, and the court, on its own motion, certified to this Court the following questions of law:

"1. Whether said petition is sufficient.

"2. Whether in such cases the jurisdiction and power to hear and determine said petition on its merits is given to the Circuit Court under the statute.

"3. Whether the jurisdiction of the court is a continuing jurisdiction under the statute."

We believe that all the questions arising in this proceeding will be solved by taking note of the clear distinction between a common law proceeding for disbarring an attorney from practice in a particular court, and a proceeding under the West Virginia statute to annul an attorney's license to practice law.

Counsel for the petitioner cite a plenitude of authorities to sustain the position that a court in this state has inherent common law jurisdiction to disbar attorneys from practicing therein and to reinstate them at its discretion. 2 Thornton on Attorneys, section 902; 7 C. J. S., pp. 814-17; *In Re Daugherty*, 103 W. Va. 7, 136 S. E. 402; *State* v. *Shumate*, 48 W. Va. 359, 37 S. E. 618; *Ex Parte Fisher*, 6 Leigh 619, 33 Va. 619. But was the petitioner merely "disbarred" from practicing in the Circuit Court of Kanawha County? It is true that the paragraph of his petition above quoted so alleges. If this statement that he was merely so disbarred "until the further order of" the court is true, then, undoubtedly, the court would have continuing jurisdiction of the proceeding and could terminate the disbarment at any time. If the petitioner's status is to be determined from this allegation alone, the demurrer was correctly overruled. But the petition con-

tains the prayer that the order "annulling his said license" may be set aside and held for naught. This, unquestionably, directly implies that the order sought to be modified or abrogated was more than one merely disbarring the petitioner from practice until the further order of the court. And we find in the record here a certified copy of the order itself (whether filed by the petitioner or in what way brought into the case does not appear). This order purports to bring on for hearing the charges preferred by the Charleston Bar Association against S. P. Mitchell upon evidence submitted by both the complainants and the respondent, and finds the respondent guilty of malpractice on seven of the charges, and not guilty on four others, and pronounces judgment as follows:

> "And it appearing to the court that this proceeding has been prosecuted in all respects in accordance and compliance with the law and statutes of West Virginia made and provided in such cases, it is therefore adjudged, and ordered by the court that the license of the said S. P. Mitchell to practice law in the courts of this state be, and the same is hereby annulled, and that the said S. P. Mitchell be, and he is hereby disbarred from practicing law at the bar of this court and the other courts in the State of West Virginia."

Whether the court, in considering the demurrer, could look to this order, if the proceeding in which it was made was completely closed, need not now be decided. Undoubtedly, the court could, and was required to, take notice of any pending case before it, and, therefore, could, and did, take judicial notice that there was no proceeding pending therein in which the petitioner was disbarred "until the further order" of the court, or merely disbarred generally. The demurrer must have been heard, and properly so, upon the petition, the demurrer and the order of June 12, 1937.

There can be no question, therefore, but that the petitioner's contention that he was merely disbarred until the further order of the court was incorrect. We, there-

fore, are compelled to consider the petition as one to set aside or revoke the order of the circuit court made June 12, 1937, annulling the petitioner's license to practice law. Indeed, it could serve the petitioner not at all to have the demurrer overruled on the theory that his pleading shows him to have been merely "disbarred * * * until the further order" of the court, only to be defeated on the merits by the sure disproval of this allegation by the record, on final hearing.

The distinction between a proceeding to annul an attorney's license and a common law disbarment has been judicially recognized in this state since the case of *Ex parte Hunter*, 2 W. Va. 122, in which Judge Brown said at pages 144 and 145:

> "The license, of itself, and before admission or induction by the court, does not constitute the holder an attorney or officer of any court, but simply entitles him to be admitted as such, to practice in all the courts of the State, upon his taking the oaths required by the laws in force at the time of such admission, unless good cause appears to the court for withholding its permission. * * *."

> "* * * It will be observed also, that there is a marked distinction between the power of the court to supersede or annul the attorney's license, as provided in the 5th and 6th sections of chapter 164 of the Code, and the common law power to disbar him from practicing as an officer of the particular court.

> "In the former case it can only be done for the causes assigned, and in the mode prescribed by the statute, and when so done supersedes or annuls the license altogether, and alike disbars from admission, and disbars after admission from all the courts of the State. (Fisher's case, 6 Leigh p. 619.) But in the latter case, that is, of amotion or suspension from the particular court—the court exercises only the common law powers of a court of record, and its judgment, whether called a judgment of amotion, suspension, expulsion, disbarment, or striking from the roll of

attorneys, only affects the official position of the party in that particular court."

In the case of *Re Application for License to Practice Law*, 67 W. Va. 213, 67 S. E. 597, 604, this distinction is elaborately discussed and traced historically in both the majority and the minority opinions. Judge Poffenbarger, dissenting and joined by Judge Brannon, uses the following language:

> "There is a distinction between the licensing of a person to practice law and his admission to the bar of the court, after he has been licensed. This Court alone can grant a license. That license is good all over the state, but it alone does not admit its holder to the bar of any court in the state, not even this, the granting Court. A subsequent act of admission is essential to enrollment as a member of the bar, and each court must do that for itself. The license is an essential pre-requisite to admission. Without it no application for admission can be made, but it is not admission, nor the equivalent thereof."

See also, *In Re Daugherty*, 103 W. Va. 7, 136 S. E. 402; *State* v. *Shumate*, 48 W. Va. 359, 37 S. E. 618; *State* v. *McClaugherty*, 33 W. Va. 250, 10 S. E. 407; *Walker* v. *State*, 4 W. Va. 749.

The present method of granting a license to practice law is found in Chapter 30 of the Code, which contains the statutory provisions for the procurement of licenses, certificates and registrations required in a large number of professions and occupations: Attorneys, physicians and surgeons, dentists, pharmacists, embalmers, optometrists, osteopathic physicians, chiropractors, midwives, nurses, veterinarians, engineers and architects. The same chapter provides that all licenses, certificates and registrations therein authorized (except licenses to practice law) may be revoked upon charges preferred and a hearing, by the issuing board, but that an attorney's license may be suspended or annulled only by a court of record.

To practice law at the bar of any court of record in this

state, three successive steps are necessary: (1) A certificate from the circuit court that the applicant is twenty-one years of age, of good moral character, and a resident of the county for one year next past; (2) a license to practice law, or a diploma from the college of law of West Virginia University; and (3) an actual admission to the bar of a court of record and the taking of the required oath. Practicing law without a license is prohibited under penalty of a heavy fine. Code, 30-2-4. An attorney's license does not authorize him to practice law, but only qualifies him to apply for admission to practice in the courts of the state. A license need not be followed by an admission to practice, but any admission to practice law must be preceded by a license. A failure to procure admission to the bar of any court or all courts, does not affect the license; but the annulment of the license, by the terms of the statute itself, voids all admissions to practice in all courts of the state. Code, 30-2-9.

It is perfectly clear that the proceeding against Mitchell was instituted under Code 30-2-7, and that the judgment was not a mere common law revocation of his admission to the bar of a particular court. The judgment order of the circuit court, which we have before us, distinctly so shows, and expressly "annuls" Mitchell's license to practice law, without any qualification or limitation. The petitioner, therefore, instantly upon the entry of this judgment, became a person without a license to practice law. His license was "annulled", that is, made totally void, and became as if it had never existed. The word "annul" is defined as: "To reduce to nothing"; "to annihilate"; "to obliterate"; "to make void or of no effect"; "to nullify"; "to abolish"; "to do away with." The license, therefore, was not merely placed in abeyance, but was totally terminated for all purposes, and incapable of revitalization. The whole law of professional and occupational licenses, certificates and registration, and the revocation, annulment and suspension thereof, is statutory; and these statutes make no provision for the restoration or reinstatement of such license, certificate or regis-

tration after revocation or annulment. Nor can the revival of the petitioner's license be accomplished indirectly by the device of a pretended setting aside or revocation of the order of annulment, after such order has become final. Two and one-half years have expired, since petitioner's license was annulled. The order sought to be revoked is, therefore, final and beyond control or change by the trial court. Citation of authority for this rule is superfluous, but see: *Wyatt* v. *Marshall*, 113 W. Va. 878, 170 S. E. 170; *Aide* v. *Amburgey*, 107 W. Va. 370, 148 S. E. 326; *County Court* v. *Roush*, 105 W. Va. 355, 142 S. E. 520; *Childers* v. *Loudin*, 51 W. Va. 559, 42 S. E. 637; *Bank* v. *Ralphsnyder*, 54 W. Va. 231, 46 S. E. 206; *Crawford* v. *Fickey*, 41 W. Va. 544, 23 S. E. 662.

We, therefore, answer the questions certified as follows: (1) The petition in this case is insufficient; (2) the circuit court does not have jurisdiction to hear and determine the petition; (3) the circuit court's jurisdiction was not continuing, but terminated when the order of June 12, 1937, became final. Accordingly, the demurrer of the Charleston Bar Association to the petition herein is sustained, and the proceeding remanded.

*Reversed and remanded.*