WEST VIRGINIA STATE MEDICAL ASSOCIATION, *a corporation etc. v.* THE PUBLIC HEALTH COUNCIL OF WEST VIRGINIA *et al.*

(CC 654)

Submitted October 13, 1942. Decided December 8, 1942.

*H. L. Snyder* and *Mohler, Peters & Snyder,* for plaintiff.
*E. M. Showalter,* for defendants.

LOVINS, JUDGE:

On application of the West Virginia State Medical Association, the Circuit Court of Kanawha County issued a rule, directed to the Public Health Council of West Virginia and its members, to show cause why further proceedings by the Council in the matter of the reinstatement of the license of Horacio Buonanno to practice medicine and surgery in this State should not be prohibited. On motion of Buonanno he was made a party to the proceeding, as having an interest adverse to petitioner. He then interposed a demurrer to the petition of the Association which was overruled, and the court on joint application of the petitioner and Buonanno certified its ruling to this Court.

It appears from the allegations of the petition that the Association is a non-stock, non-profit corporation, whose membership is restricted to persons engaged in the practice of medicine and surgery in West Virginia. The Public

Health Council of West Virginia is a body created by statute and has the power, among others, to grant, suspend and revoke certificates to practice medicine and surgery in the State of West Virginia. Buonanno was issued a license to practice medicine and surgery by the Council under date of August 22, 1927, having passed the examination then required by law. Prior to his admission to the examination, he presented a diploma to the Council, which purported to show that he had successfully completed a course of study as prescribed by law, being one of the prerequisites for examination and for the issuance of such a license to practice. In 1928 the Public Health Council learned that the diploma previously submitted was from a "fraudulent" school, and at a regular meeting of the Council held in April, 1930, after due notice, the license theretofore granted to Buonanno was revoked on the ground that he was guilty of dishonorable conduct, having procured such license by fraud. Buonanno failed to appear at the hearing in person or by counsel. In March, 1934, Buonanno again appeared before the Council and presented a diploma purportedly issued by the University of Rio de Janeiro, but the Council having ascertained that the diploma was not genuine, refused to reinstate his license. It is further alleged that Buonanno made other appearances before the Council in person and by counsel, requesting the restoration of his license. On December 28, 1939, the Council advised Buonanno that it had reconsidered his application for reinstatement, and had refused the same. In January, 1940, he applied to the Circuit Court of Marion County for a review of the action of the Council. The circuit court sustained the Council's demurrer to the petition and dismissed the appeal on June 15, 1940. No appeal was taken from the action of the circuit court, but in November, 1941, the Council again heard an application made by Buonanno for reinstatement, and he was told the Council would reach a final decision on his application at its next meeting, to be held on March 2, 1942. It is averred that Buonanno is not legally qualified to practice medicine and surgery in this State, and that if he is permitted by the Council to engage in such practice that it will tend

to degrade the professional standards of the members of the Association. It is also alleged that the revocation of the license of Buonanno has become final since no appeal was taken from either the action of the Council in 1930 or from the action of the Circuit Court of Marion County, in 1940, and that the Council has no jurisdiction to further consider the restoration of Buonanno's license.

The points of law raised by the demurrer are embodied in the questions as certified by the Circuit Court of Kanawha County, and are as follows: (1) The Public Health Council is fully vested by law with the jurisdiction and power to conduct examinations of applicants for the license to practice medicine and to grant such licenses, also for certain causes to revoke the same; (2) the exercise of such power and jurisdiction is authorized by law; (3) the authority to reconsider its action for cause shown is equally within its jurisdiction and power; (4) the action sought to be prohibited in no sense constitutes an abuse of power, nor is it beyond the jurisdiction of the Health Council; and (5) the circuit court is without jurisdiction to issue a writ of prohibition in the present case. On consideration of Code, 30-3, it is obvious that the first two questions state correct propositions of law, but we believe the law as stated therein is not pertinent to the matter under inquiry. The power and jurisdiction of the Council to conduct examinations and to grant licenses for the practice of medicine and surgery are not questioned by the petition of the Association; nor is its power to revoke such licenses denied. Certified questions (3), (4), and (5) present relevant propositions of law, which we consolidate and discuss under two headings: (1) Jurisdiction of the circuit court and (2) jurisdiction and power of the Public Health Council to reconsider its action in revoking Buonanno's license.

The circuit courts of this State have jurisdiction to hear and determine proceedings in prohibition, conferred by Section 12, Article VIII of our Constitution. But it is urged that the writ of prohibition does not lie to control the action of a board having only administrative functions. *Board of Education* v. *Holt*, 54 W. Va. 167, 46 S. E. 134, and

*State ex rel. Noce v. Blankenship,* 93 W. Va. 273, 116 S. E. 524, are cited in support of that contention. We agree that, if the Public Health Council possesses only administrative powers, a writ of prohibition to control the Council in the exercise of those powers should not issue. *State ex rel. Noce v. Blankenship, supra.* We believe that the Council in addition to having and exercising administrative functions has powers and jurisdiction with reference to the suspension and revocation of licenses of physicians and surgeons which in their nature are quasi-judicial. Code, 30-1-8, provides for the filing of charges against the person whose license is sought to be suspended or revoked, notice to him, a hearing thereon, and a finding at the conclusion of the hearing. Consideration of the statute shows beyond doubt that the Council is invested with quasi-judicial powers relating to the suspension or revocation of licenses to practice medicine. The Council is not a judicial tribunal, but in its own sphere it may hear and evaluate the evidence on a contested matter and make a finding thereon, which finding is subject to review by the circuit court and on appeal by this Court. We have found no statutory provision relating to the reinstatement of a revoked license to practice medicine and surgery, but if the Council has that power, as cognate to the powers of revocation and suspension, what we have said herein with reference to its powers of revocation and suspension apply to its power to reinstate a license heretofore revoked by it. The Public Health Council being a quasi-judicial board, as herein pointed out, a writ of prohibition will lie to control its action in its quasi-judicial capacity "where it is attempting to act * * * in excess of the authority conferred upon it." *Huntington Chamber of Commerce v. Public Service Commission,* 84 W. Va. 81, 99 S. E. 285. We therefore hold that the Circuit Court of Kanawha County has jurisdiction of this proceeding, and that if the Council is attempting to exceed its jurisdiction and lawful power in restoring the license of Buonanno prohibition will lie to restrain it from doing so.

The revocation of Buonanno's license is shown by an excerpt from the minutes of the April, 1930, meeting of

the Council reading as follows: "The record in the case of the Public Health Council against Horacio Buonanno was submitted and examined in detail. He is accused of dishonorable conduct in submitting a diploma from a fraudulent school, which admitted him to the examination held by the Council at Martinsburg on July 26th-28th, 1927. The doctor, failing to appear in person or by counsel, to protect his interests, the Council unanimously voted to revoke the license issued August 27, 1927, certificate #5368." It is averred in the petition that the revocation was made after due notice. It also appears that Buonanno was served with notice to appear before the Public Health Council on the 10th day of July, 1928, to show cause why his license to practice medicine in West Virginia should not be revoked, and that he failed to appear on that date. It may be said in passing that the reason for postponement of action by the Council from July 10, 1928, to April, 1930, does not appear. But suffice it to say that Buonanno was given an opportunity to be heard.

The statute in effect at the time of the revocation of Buonanno's license controls as to his substantive rights. The powers of the State Board of Health were transferred to the Public Health Council, Section 3, Chapter 11, Acts 1915 (Code, 1923, Chapter 150, Section 3). The State Board of Health had the power and authority to revoke licenses to practice medicine for dishonorable conduct after due notice and trial. Section 10, Chapter 64, Acts 1887 (Code, 1923, Chapter 150, Section 10). The allegations of the petition show that this power and authority was exercised by the Council when it revoked Buonanno's license in 1930. After the revocation of his license the only courses left to Buonanno were to present the necessary valid, qualifying certificate of graduation and take a new examination, or within thirty days petition for review and reversal of the order of the Council by a court of competent jurisdiction. He did not apply for a new examination, but, as herein indicated, directed his efforts to reinstatement of his license by the Council and later by seeking a review of the Council's action in the Circuit Court of Marion County. It is the unquestioned right of a person to seek

review and reversal of the action of the Council if his interests have been adversely affected, but this right may be barred by lapse of time.

No time within which an appeal from an order of revocation may be taken is prescribed by Section 10, Chapter 64, Acts 1887, *supra;* but Section 13, Chapter 11, Acts 1915 (Code, 1923, Chapter 150, Section 5) contains the following significant language: "The right of appeal from any order of the public health council or any of its officers or agents, shall lie to the circuit court of the county where the property rights or personal liberties have been affected, and the right of appeal shall be limited to thirty days from the time a general order is entered". The right to practice the profession of medicine and surgery "is a valuable franchise in the nature of a property right". *Sloan* v. *Mitchell,* 113 W. Va. 506, 168 S. E. 800. The right of Buonanno to exercise that right was affected by the Council's order of revocation, and hence the thirty-day limitation for an appeal is applicable. It is to be noted that Code, 30-1-9, now prescribes a thirty-day limit for presentation of a review and reversal of the action of the Council in revoking a license. After the expiration of the thirty-day period the order of the Council could not be reviewed on appeal to a circuit court. In the absence of a statutory provision otherwise specifically fixing the finality of an order of the Council we hold that the statute limiting the time for an appeal determines that question; and the order became final for all purposes after the expiration of thirty days and could not thereafter be set aside or vacated by the Council on reconsideration thereof. There is another and equally compelling reason for holding the order of the Council final. At the time this proceeding was commenced more than eleven years had elapsed since the order revoking Buonanno's license was entered. It has not been vacated, modified, or successfully challenged during that time. Like other statutory boards there must be a finality to proceedings before the Council. To say otherwise would bring about a state of uncertainty and confusion which would prevent the orderly performance of its duties. We believe the lapse of time alone is sufficient to give the

order of revocation finality, and that the Council is precluded from a reconsideration thereof, especially when the proceedings in the Circuit Court of Marion County for review and reversal of the Council's action are taken into consideration. We therefore hold that the license of Buonanno had been finally and completely revoked prior to commencement of this proceeding, and that he now has the same status with respect to the practice of medicine and surgery as if no license had been issued to him. *Ex parte Mitchell,* 123 W. Va. 283, 14 S. E. 2d 771. What we have said herein does not preclude Buonanno from obtaining a license by means of another examination held in the manner required by Code, 30-3-4, 5.

For the reasons herein stated, the ruling of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*