# WHEELING

## KUMP v. MCDONALD et al.

Submitted June 5, 1908.    Decided June 8, 1908.

1. PROHIBITION—*Parties Defendant.*
    In prohibition the rule to show cause against the issuance of the writ must go against both the tribunal to be prohibited from exercising jurisdiction of the case, and the person having adverse interest to be affected by the writ, and the writ must also be against both as parties to it.    (p. 324.)

2. SAME—*Political Executive Committee—Recount of Ballots.*
    A writ of prohibition will not lie against the executive committee of a political party while engaged in canvassing returns of a primary election for nomination for office, to prohibit it from making a recount of ballots.    (p. 324.)

3.′ COURTS—*Jurisdiction—Political Parties.*
    Courts do not exercise jurisdiction in matters purely political pertaining to the management and proceedings of a political party, except so far as authorized by statute.    (p. 325.)

Petition of H. G. Kump for writ of prohibition against Floyd McDonald and others.

*Writ Denied.*

C. H. SCOTT, S. T. SPEARS and TALBOTT & HOOVER, for petitioner.

JARED L. WAMSLEY and TAYLOR & ALLEN, for respondents.

BRANNON, JUDGE:

The executive committee ·of the democratic party called a primary election, held on 25th April, 1908, in Randolph county, for nomination of candidates for county offices, at which election H. G. Kump and James Coberly were competitors for nomination for the office of prosecuting attorney. The precinct returns or certificates showed a majority for Kump. When the committee convened to pass on the returns Coberly demanded a recount of the ballots used in the election and returned to the committee, and Kump objected and denied right to a recount, and asked the committee to declare that he had been nominated, and to certify his nomination to the circuit court clerk; but the committee, the chairman and

secretary being present, refused to make a declaration of the result until such recount should be had, and fixed a future day for such recount. Kump then obtained a rule in prohibition to prohibit the executive committee from making such recount, which rule was awarded by a judge of this Court.

The rule required the chairman, secretary and members of the committee to show cause against the prohibition, not requiring Coberly to appear and show cause against it, and for this defect we were moved to wholly dismiss the proceeding. Coberly being immediately interested in the case, we ruled that he must have notice of the proceeding by service of the rule and be allowed to make defense. There is some authority to show that the final writ need not go against the individual prosecuting the suit, and that he need not be a formal party to it, on the theory that if the tribunal is prohibited, the party need not be as he can not control the tribunal to go on. So I was inclined to think. Notes in 16 Ency. Pl. & Pr. 1135. But it seems, according to common law authority, that the writ goes to the judge and party, commanding the judge not to hold and the party not to follow the plea. *Mayo* v. *James*, 12 Grat. 23; *Armstrong* v. *County Court*, 15 W. Va. 190. Therefore the proper procedure is to make the rule run against both the tribunal and the party adverse in interest, requiring both to show cause why the writ should not issue, and if it be awarded, it should also run against both, prohibiting the tribunal from further entertaining the suit or proceeding, and prohibiting the individual from further prosecuting it. In this case we ruled that we would not for the defect above stated, dismiss the case, but we required a copy of the rule to be served on Coberly to show cause, on a day, against the prohibition. Thereupon Coberly appeared and waived service of the rule.

We hold that an executive committee of a political party is not a judicial or *quasi*-judicial tribunal or body, and for this reason no writ of prohibition lies against it. Its functions are not judicial. *Campbell* v. *Doolittle*, 58 W. Va. 317. We have no primary election statute, though our statute on elections recognizes them as means used by parties for nomination; but our statute prescribes no method or procedure for them; the political parties make regulations for them. There--

fore, this party committee, in its steps or procedure of reaching a declaration of result, was not performing a judicial or legal function, making it a tribunal subject to prohibition. The fact that our statute directs such nomination when declared to be certified to the clerk, so as to go on the election ballots, does not regulate its steps or procedure in ascertaining the result.

If another reason for refusing the writ were needful, it is that if we issue it we direct and control proceedings of a mere political party acting by its agent, the committee, in party nomination, in steps to ascertain the result. This Court would practically act as a political committee. No court can do this, as held in the *mandamus* case between the same parties this day decided.

Rule discharged and writ of prohibition refused.

*Writ Denied.*