656 S.E.2d 464

**STATE of West Virginia ex rel. Alan D. BAKER, Plaintiff Below, Appellant**

**v.**

**David H. BOLYARD, Director, Division of Motor Vehicles, State of West Virginia, Defendant Below, Appellee.**

No. 33303.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 9, 2007.

Filed Oct. 30, 2007.

Dissenting Opinion of Justice Starcher Dec. 4, 2007.

E. Lavoyd Morgan, Jr., Lewisburg, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, for Appellee.

BENJAMIN, Justice:

In the instant matter, Appellant Alan D. Baker seeks reversal of the August 21, 2006, order entered by the Circuit Court of Greenbrier County which affirmed the Appellee's [1] December 9, 2005, order revoking Appellant's driver's license for a period of six months. The Appellee's December 9, 2005, revocation order was entered upon receipt of a notification from the Greenbrier County Magistrate Court that Appellant had been convicted of driving under the influence, first offense, after entering a plea of *nolo contendere* to the charge. Upon thorough review of the record presented for our review, the arguments of the parties and the pertinent legal authorities, we affirm the lower court's decision.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Appellant was arrested in Greenbrier County, West Virginia on July 31, 2005, and charged with driving under the influence, first offense (hereinafter "DUI").[2] The criminal complaint indicates that Appellant was arrested at 5:02 a.m. that morning. At 5:54

---

1. The style of this matter, as designated by the Appellant, names the Appellee as David H. Bolyard, Director, Division of Motor Vehicles, State of West Virginia. Documents appearing in the record before this Court denote David H. Bolyard as the director of Driver Services for the Division of Motor Vehicles. However, the term "Appellee" as used in this opinion shall refer to the Commissioner of the Division of Motor Vehicles and anyone acting on his behalf at all times relevant, as it is the actions of the Commissioner, acting pursuant to his statutory authority, which are at issue herein. *See* W. Va.Code § 17C–1–27 (1973); W. Va.Code § 17C–5A–1 (2004); W. Va. Code § 17C–5A–1a (2004).

2. The criminal complaint filed in the Greenbrier County Magistrate Court alleges a violation of W. Va.Code § 17C–5–2(d)(1)(A)(E). W. Va.Code § 17C–5–2(d) (2005) provides:

  (d) Any person who:
  (1) Drives a vehicle in this state while he or she:

  (A) Is under the influence of alcohol; or
  (B) Is under the influence of any controlled substance; or
  (C) Is under the influence of any other drug;
  (D) Is under the combined influence of alcohol and any controlled substance or any other drug; or
  (E) Has an alcohol concentration in his or her blood of eight hundredths of one percent or more, by weight;
  (2) Is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for not less than one day nor more than six months, which jail term is to include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred nor more than five hundred dollars.

Statutory amendments in 2007 did not impact this provision of W. Va.Code § 17C–5–2, but increased the penalty provisions set forth in W. Va.Code § 17C–5–2(a)(3). Accordingly, this opinion will refer to the 2007 statutory enactment as the operative language remained intact.

a.m., his blood alcohol content was tested[3] and measured 0.211. After receiving the Statement of Arresting Officer indicating that Appellant had been arrested for DUI, Appellee issued an order on August 12, 2005, revoking Appellant's license for a period of six months in accordance with the provisions of W. Va.Code § 17C–5A–1(c) (2004)[4] and notifying Appellant of his right to an administrative hearing to challenge such revocation. Appellant, through counsel, requested an administrative hearing to challenge the revocation. His challenge was based upon an assertion that there was no probable cause to administer the secondary breath test and insufficient probable cause for the initial traffic stop. An administrative hearing was held pursuant to this request on October 17, 2005.

Shortly thereafter, Appellant entered a *nolo contendere* plea to the criminal DUI charge in the Greenbrier County Magistrate Court.[5] The Greenbrier County Magistrate Court forwarded an abstract of judgment, dated October 27, 2005, to Appellee, indicating that Appellant had pled *nolo contendere* to the charges set forth in the criminal complaint. Upon receipt of the abstract of judgment, Appellee issued a December 9, 2005, order revoking Appellant's license for a period of sixty days pursuant to the provisions of W. Va.Code § 17C–5A–1a (2004).[6] This revocation order noted that Appellant's conviction for DUI in the Greenbrier County Magistrate Court constituted sufficient evidence to support any prior order of revocation such that a separate decision would not be forthcoming from any administrative hearing previously held. The December 9, 2005, revocation order also indicated that, upon written request, a hearing would be held upon the

3. The record indicates that the testing mechanism utilized was the Intox EC/IR–II, a secondary breath test.

4. West Virginia Code § 17C–5A–1 (c) (2004) provides, in pertinent part:

> If, upon examination of the written statement of the officer and the test results described in subsection (b) of this section [referring to secondary tests of blood, breath or urine], the commissioner shall determine that a person was arrested for an offense described in section two, article five of this chapter ... and that the results of any secondary test or tests indicate that at the time the test or tests were administered the person had, in his or her blood, an alcohol concentration of eight hundredths of once percent or more, by weight, or at the time the person was arrested he or she was under the influence of alcohol, controlled substances or drugs, the commissioner shall make and enter an order revoking the person's license to operate a motor vehicle in this state.

5. Pursuant to this plea, Appellant was sentenced to twenty-four hours of community service and fined two hundred and fifty dollars.

6. Provisions of W. Va.Code § 17C–5A–1a (2004) pertinent to the instant matter include:

> (a) If a person is convicted for an offense defined in section two, article five or this chapter ... because the person did drive a motor vehicle while under the influence of alcohol, ..., or did drive a motor vehicle while having an alcohol concentration in his or her blood of eight hundredths of one percent or more, by weight, ..., and if the person does not act to appeal the conviction within the time periods described in subsection (b) of this section, the person's license to operate a motor vehicle in this state shall be revoked or suspended in accordance with the provisions of this section.

> \*       \*       \*

> (c) If, upon examination of the transcript of the judgment of conviction, the commissioner shall determine that the person was convicted for an offense described in section two, article five of this chapter ... or did drive a motor vehicle while having an alcohol concentration in his or her blood of eight one hundredths of one percent or more, by weight, the commissioner shall make and enter an order revoking the person's license to operate a motor vehicle in this state.... The order shall contain the reasons for revocation or suspension and the revocation and suspension periods provided for in section two of this article. Further, the order shall give the procedures for requesting a hearing which is to be held in accordance with the provisions of this section. The person shall be advised in the order that because of the receipt of a transcript of the judgment of conviction by the commissioner a presumption exists that the person named in the transcript of the judgment of conviction is the person named in the commissioner's order and such constitutes sufficient evidence to support revocation or suspension and that the sole purpose for the hearing held under this section is for the person requesting the hearing to present evidence that he or she is not the person named in the transcript of the judgment of conviction

> \*       \*       \*

> (e) For the purposes of this section, a person is convicted when the person enters a plea of guilty or is found guilty by a court or jury.

sole issue of whether or not Appellant was the person so convicted.

On January 9, 2006, Appellant filed a petition for review of the Appellee's December 9, 2005, revocation order in the Circuit Court of Greenbrier County. In that petition, Appellant argued that Appellee erred by relying upon Appellant's *nolo contendere* plea to the DUI charge to satisfy the conviction requirement of W. Va.Code § 17C–5A–1a. More specifically, he argued that his constitutional rights were violated because Appellee could only revoke his license upon specific findings of fact made after administrative hearing. Thus, according to Appellant, Appellee acted in excess of his authority in revoking the license upon notification of the *nolo contendere* plea to the criminal DUI charges. After a hearing on the Appellant's petition, the circuit court *denied* the petition and remanded the matter to the Division of Motor Vehicles by Order dated February 27, 2006. The February 27, 2006, order provided Appellant with thirty days to demand "further hearing." On April 10, 2006, Appellant filed a motion for contempt before the Circuit Court of Greenbrier County arguing that the Division of Motor Vehicles was in contempt of the Court's February 27, 2006, order because it was refusing to afford Appellant a full evidentiary hearing and was taking the position that Appellant was entitled to a hearing only on the issue of whether he was the person named in the abstract of judgment from the Greenbrier County Magistrate Court. After a hearing on August 21, 2006, the Circuit Court of Greenbrier County entered a second order affirming the decision of the Division of Motor Vehicles, but staying the revocation order for a period of sixty days to allow for appeal of the decision to this Court. Appellant filed a timely petition for appeal to this Court which was granted by order dated January 24, 2007.

## II

### STANDARD OF REVIEW

■ The parties disagree regarding the current posture of this appeal. Appellant maintains this matter constitutes an appeal of an administrative order and is therefore governed by the standards applicable to appellate review of administrative decisions. Appellee characterizes this appeal as a matter of statutory interpretation and the proper application of this Court's prior decision in *State ex rel. Stump v. Johnson,* 217 W.Va. 733, 619 S.E.2d 246 (2005). Regardless of how this appeal is characterized, the applicable standard of review is *de novo. See* Syl. Pt. 1, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996) (holding that upon appeal of an administrative order from a circuit court, this Court reviews questions of law *de novo* ); Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Accordingly, our review herein is plenary.

## III.

### DISCUSSION

Before this Court, Appellant has argued that the circuit court erred by not reversing Appellee's decision to suspend his license to operate a motor vehicle, that his due process rights were violated by the arbitrary and capricious actions of Appellee and that a plea of "no contest" (or *nolo contendere)* does not constitute a conviction as defined in W. Va. Code § 17C–5A–1a. According to the Appellant, this Court's decision in *Stump* did not specifically address the question of whether a plea of *nolo contendere* to a DUI charge constitutes a plea of guilty which would permit the Appellee to revoke his license without the benefit of an administrative hearing. Appellant further argues that, while not changing the applicable statutory language, the Legislature authorized a new legislative rule, which clarified the original legislative intent behind W. Va.Code § 17–5C–1a. Effective May 15, 2006, W. Va.C.S.R. § 91–5–14.1 was amended to include the following language: "[f]or the purposes of this rule, a plea of nolo contendere stands as neither an admission of guilt nor a conviction for administrative revocation proceedings."[7] Thus,

---

7. Incorporating the May 2006 amendment, W. Va.C.S.R. § 91–5–14.1 now provides:

Appellant maintains that Appellee violated his constitutional rights by revoking his license based upon his *nolo contendere* plea to the DUI charge rather than by findings of fact and conclusions of law made after a full administrative hearing.

By contrast, Appellee argues that, pursuant to *Stump,* Appellant's plea of *nolo contendere* to the DUI charge triggered the mandatory revocation provisions of W. Va. Code § 17C–5A–1a. As Appellant's DUI charge and plea occurred during the "window" of time between this Court's decision in *Stump* and the effective date of W. Va.C.S.R. § 91–5–14.1, Appellee maintains he was obligated under the law to automatically revoke Appellant's license upon notification of the *nolo contendere* plea by the Greenbrier County Magistrate Court. We agree with Appellee.

■ One of the issues this Court addressed in *Stump* was the impact that a "no contest" (or *nolo contendere)* plea has upon the Commissioner of the Division of Motor Vehicle's statutory duty to revoke a person's driver's license due to a DUI conviction. It was undisputed in *Stump,* that the driver had pled no contest to a criminal DUI charge. *Stump,* 217 W.Va. at 742, 619 S.E.2d at 255. As part of the plea agreement to resolve the criminal DUI charge, the arresting officer agreed not to present evidence regarding the DUI arrest at any administrative license revocation proceeding. *Id.* at 736, 619 S.E.2d at 249. In analyzing the issue, this Court noted that W. Va.Code § 17C–5A–1a(a) mandates the Commissioner of the Division of Motor Vehicles to revoke or suspend a person's license to operate a motor vehicle in this State upon notification of a person's conviction for DUI. *Id.* at 742, 619 S.E.2d at 255. Recognizing that W. Va.Code § 17C–5A–1a(e) provides that for the purposes of the automatic revocation provisions of the statute

The Division shall revoke a licensee's privilege to operate a motor vehicle in accordance with the provisions of W. Va.Code §§ 17C–5–7 and 17C–5A–1 et seq. if the licensee drives under the influence of alcohol, controlled substances or drugs, refuses to submit to a designated secondary chemical test, or commits any other related offense found within W. Va.Code §§ 17C–5–7 and 17C–5A–1 et seq. For the

"a person is convicted when the person enters a plea of guilty or *is found guilty* by a court or jury[,]" this Court noted the driver at issue had been found guilty based upon his plea of no contest to the DUI charge. *Id.* (emphasis in original). Based upon this analysis, we held in syllabus point 2, that:

[i]n giving effect to the plain language contained in W. Va.Code § 17C–5A–1a(e), a person pleading guilty or found guilty by a court or jury of driving under the influence of alcohol, controlled substances, or drugs, shall be considered "convicted," and the Commissioner has a mandatory duty to revoke the person's license to operate a motor vehicle in the State of West Virginia as provided by W. Va.Code § 17C–5A–1a(a).

Syl. Pt. 2, *Stump,* 217 W.Va. 733, 619 S.E.2d 246.

■ As noted, Appellant herein argues that *Stump* is not controlling because it did not *specifically* hold that a plea of *nolo contendere* to a criminal DUI charge triggers the mandatory revocation provisions of W.Va. Code § 17C–5A–1a(a). We disagree. However, in order to prevent any further similar assertions of a lack of clarity regarding our holding in *Stump,* we take this opportunity to clarify *Stump.* To the extent this Court's prior holding in *State ex rel. Stump v. Johnson,* 217 W.Va. 733, 619 S.E.2d 246 (2005), may be deemed ambiguous, it is hereby clarified. Where a person enters a plea of *nolo contendere* to an offense defined in W. Va. Code § 17C–5–2 (2007), the mandatory license revocation or suspension provisions of W. Va.Code § 17C–5A–1a(a) (2004) are triggered because that person has been found guilty by a court, by virtue of a *nolo contendere* plea to criminal charges, and is thus deemed convicted of the offense pursuant to the provisions of W. Va.Code § 17C–5A–1a(e) (2004).[8]

purposes of this rule, a plea of nolo contendere stands as neither an admission of guilt nor a conviction for administrative revocation proceedings.

8. A finding that the entry of a *nolo contendere* plea is a sufficient finding of guilt to satisfy the statutory conviction requirement is consistent with the well-established meaning of the term "conviction." As defined in *Black's Law Dictio-*

Accordingly, Appellant's plea of *nolo contendere* to criminal DUI charges triggered a change in which statutory provisions governed Appellee's actions relative to the revocation or suspension of Appellant's license to operate a motor vehicle in this State. Prior to entry of the *nolo contendere* plea, Appellee's actions relative to revocation or suspension of Appellant's license were governed by W. Va.Code § 17C–5A–1, which provides for an administrative hearing and determination. However, once Appellant pled *nolo contendere* to the criminal DUI charges, the mandatory revocation provisions of W. Va.Code § 17C–5A.–1a were triggered, thus changing the applicable statute under which the Appellee was authorized and required to proceed. Thus, Appellant's arguments regarding a violation of his due process rights by the Appellee's actions in revoking his license to operate a motor vehicle in this state are without merit. By entering his *nolo contendere* plea, Appellant was convicted of criminal DUI charges, thus, he was no longer statutorily entitled to an administrative hearing to challenge the revocation of his license.

As there can be no question that Appellant's DUI arrest, conviction and administrative license revocation all occurred after this Court's decision in *Stump* and prior to any attempt to alter the applicable administrative rules governing license revocations due to DUI convictions, the decision of the Circuit Court of Greenbrier County must be affirmed. By order dated February 27, 2006, the Circuit Court of Greenbrier County properly denied Appellant's challenge to the Appellee's December 9, 2005, revocation order because Appellant's *nolo contendere* plea triggered Appellee's mandatory duty to revoke or suspend Appellant's license pursuant to W. Va.Code § 17C–5C–1a. Contrary to the position taken by Appellant in his April 10, 2006, motion for contempt filed before the circuit court, the circuit court's February 27, 2006, order did not require Appellee to conduct a full evidentiary hearing. Appellee's revocation order, which was upheld by the circuit court, was entered pursuant to W.

Va.Code § 17C–5C–1a, and thus any subsequent hearing challenging the revocation order was limited to the identity of the person named in the abstract of judgment. *See* W. Va.Code § 17C–5A–1a(c). Accordingly, the circuit court's August 21, 2006, order affirming the Appellee's decision for the second time was proper.

## IV.

## CONCLUSION

Wherefore, for the reasons set forth herein, the decision of the Circuit Court of Greenbrier County affirming the Appellee's administrative order revoking Appellant's license to operate a motor vehicle in this State due to Appellant's conviction for DUI is likewise affirmed.

**Affirmed.**

Justice STARCHER dissents and reserves the right to file a dissenting opinion.

Justice MAYNARD concurs and reserves the right to file a concurring opinion.

STARCHER, J., dissenting:

(Filed Dec. 4, 2007)

The majority opinion in the instant case continues and compounds the error made by a majority of this Court in *State ex rel. Stump v. Johnson*, 217 W.Va. 733, 619 S.E.2d 246 (2005). That error is to ignore the clear meaning of the language of the applicable statute, *W. Va.Code*, 17C–5A–1 [2004], in order to achieve a result that, while desired by the majority, is quite contrary to the statute's obvious intent. The majority's error is apparent upon a straightforward parsing of the statutory language in question.

This Court's reading of the statute must be guided by the following principles:

Ordinarily, when we construe a statute, we give effect to each word employed in a legislative enactment. It has been a traditional rule of statutory construction that "the Legislature is presumed to intend

---

*nary,* the term "conviction" means "1. The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2.

The judgment (as by a jury verdict) that a person is guilty of a crime." *Black's Law Dictionary* 358 (8th Ed.2004).

that every word used in a statute has a specific purpose and meaning." In other words, "it is presumed the legislature had a purpose in the use of every word, phrase and clause found in a statute and intended the terms so used to be effective, wherefore an interpretation of a statute which gives a word, phrase or clause thereof no function to perform, or makes it, in effect, a mere repetition of another word, phrase or clause thereof, must be rejected as being unsound, if it be possible so to construe the statute as a whole, as to make all of its parts operative and effective." "We cannot assume in the absence of wording clearly indicating contrariwise that the Legislature would use words which are unnecessary, and use them in such way as to obscure, rather than clarify, the purposes which it had in mind in the enactment of the statute."

*Osborne v. U.S.,* 211 W.Va. 667, 673, 567 S.E.2d 677, 683 (2002) (citations and internal quotation marks omitted).

The statutory language in question begins by saying that a driver's license shall be revoked (or suspended) if the driver is "convicted" of DUI. *W. Va.Code,* 17C–5A–1a(a).[1]

This statutory language alone would have sufficed, in itself, to accomplish the Legislative purpose that the majority wishes were the case—that is, if the Legislature had wanted *any* DUI conviction to suffice for license revocation, including a conviction resulting from a *nolo contendere* plea.

However (for reasons that the majority opinion, in its studied myopia, does not attempt to address or explain), the Legislature went on and added statutory language that specifies and delineates those types of "convictions" that require license revocation. This choice by the Legislature—to add specific definitional language that is wholly unnecessary under the interpretation reached by the majority opinion—provides our first reason for believing that the majority opinion has the legislative purpose and meaning wrong.

The language that the Legislature added is found at 17C–5A–1a(e): "For purposes of this section, a person is ["]convicted["] when the person enters a plea of guilty *or* is found guilty by a court or jury." *(Id.,* emphasis added.)

Let's look more closely at this language used in 17C–5A–1a(e). The types of convictions that require license revocation are set out in the disjunctive, in two phrases that are separated by the word "or."

The first phrase says that a revocation-causing conviction exists when that conviction results from a "plea of guilty." Notably not included in this phrase is a plea of *nolo contendere,* which is the only other type of a plea that results in a conviction.

If we apply to this phrase the cardinal principle of statutory construction *"inclusio unius est exclusio alterius"* ("the inclusion of one is the exclusion of others"),[2] then by specifically *including* those convictions that result from pleas of guilty, the Legislature thereby means to *exclude* convictions resulting from pleas *of nolo contendere* for license revocation purposes. This piece of statutory analysis provides further reason to believe that the majority opinion is in error.

As previously noted, the next phrase in the Legislature's specification of the types of conviction that require license revocation sets out an *alternative* to convictions that result from a "plea of guilty." That alternative basis is when a conviction results from a person being "found guilty [of DUI] by a court or jury." *Id.*

The core "reasoning" in the majority opinion says that this second "found guilty" part of the definition of "conviction" should be read to include a person's being "found" guilty as a result of a plea, which the majority opinion says includes a plea *of nolo contendere.*

However, if this alternative type of conviction includes adjudications of guilt that are based on a plea, then there would have been no reason to include the first statutory

---

1. "If a person is convicted for an offense defined in section two, article five or this chapter ... the person's license to operate a motor vehicle in this state shall be revoked or suspended in accordance with the provisions of this section." *W. Va.Code,* 17C–5A–1a(a).

2. This doctrine informs courts to exclude from operation those items not included in the list of elements that are given effect expressly by statutory language. *State ex rel. Roy Allen S. v. Stone,* 196 W.Va. 624, 630 n. 11, 474 S.E.2d 554, 560 n. 11 (1996).

phrase specifying the "plea of guilty" basis. This piece of analysis provides more evidence that the majority opinion is wrong in its reading of the Legislative intent and purpose.

This analysis is buttressed by the fact that the second phrase specifies two ways that a person can be "found guilty"—by a court, or by a jury. If the "found guilty" language really meant the entry of a judgment of guilt by a court after a plea *or* after a trial—which is what the majority opinion argues—then the modifying phrase "by a court or jury" would be unnecessary, and the phrase could end with the words "found guilty."

There is only one situation where the distinction between being "found guilty" by a court as opposed to by a jury is meaningful—and that situation is a trial. So it is clear that the Legislature, in the "found guilty by a court or jury" language in the second phrase, wanted to be clear that a conviction after a trial, whether a trial by jury or by a judge, would result in license revocation. This analysis provides yet another reason undercutting the majority's reading of the statute.

Based on the foregoing analysis, it is clear that the Legislature specified two types of DUI conviction that result in license revocation: (1) those convictions that result from the entry of a guilty plea; and (2) those convictions that result from being found guilty after a trial by a judge or by a jury. This is the only interpretation that makes sense of all of the words in the statute.

While the foregoing statutory parsing is a somewhat tedious but useful exercise, it is not really necessary. A quick reading of the statute by a first-year law student would yield the same result—which, of course, is why for decades (until the majority opinion in *Stump v. Johnson* came flying out of left field) the Division of Motor Vehicles has not revoked licenses for *nolo contendere-based* convictions.[3] In other words, the very people charged with administering the law were applying it properly until the majority opinion in *Stump*!

In its transparently deliberate misreading of the statute in the instant case and in *Stump*, the majority has violated its constitutional duty to read, interpret, and apply a statute according to law.[4] Accordingly, I dissent.

---

**3.** Last year, the Legislature noticed this Court's error in *Stump*, and promptly enacted W.Va. CSR 91–5–14: "... a plea of nolo contendere stands as neither an admission of guilt nor a conviction for administrative revocation proceedings." Will that rule hold up in the face of the majority's evident desire to impose its wishes, regardless of the Legislature's intent? It's hard to say.

**4.** This kind of exercise of "raw judicial power"— to accomplish what the majority opinion *wishes* the statute said—does have the effect of "putting the members of the Legislature in their place." That'll teach those pesky lawmakers to be "soft" on drunk driving! It's worth noting that the main beneficiaries of the majority opinion are

people who can afford to hire a lawyer to try to poke holes in the evidence in a criminal DUI case. Under the statute as the Legislature wrote it, people who don't have that kind of money can plead *nolo contendere*, accept the criminal penalty, and still have a chance to contest their license revocation in an administrative proceeding. Under the majority opinion's rule, *only the wealthy* can afford to try to keep their licenses. Under the majority opinion, it's one set of laws for the rich, and another law for ordinary folks! I hate drunk driving, but I dislike unequal justice just as much. That's why I respect the decision of the Legislature, and decry the majority opinion's shameless distortion of the statute.