729 S.E.2d 867

**Joe E. MILLER, Commissioner of the West Virginia Division of Motor Vehicles, Petitioner**

v.

**Justin Brant WOOD, Respondent.**

**Joe E. Miller, Commissioner of the West Virginia Division of Motor Vehicles, Petitioner**

v.

**Mark Thompson, Respondent.**

**Nos. 11–0815, 11–0891.**

Supreme Court of Appeals of West Virginia.

Submitted May 22, 2012.

Decided June 18, 2012.

Darrell V. McGraw, Jr., Esq., Attorney General, Scott Johnson, Esq., Senior Assistant Attorney General, Elaine L. Skorich, Esq., Assistant Attorney General, Charleston, WV, for Petitioner.

Michael L. Solomon, Esq., Solomon & Solomon, Morgantown, WV, for Respondent Justin Brant Wood.

Harley O. Wagner, Esq., The Wagner Law Firm, Martinsburg, WV, and Jason M. Glass, Esq., Glass Defense Firm, Clarksburg, WV, for Respondent Mark Thompson.

BENJAMIN, Justice:

These two consolidated appeals are brought before the Court by Joe E. Miller, Commissioner of the West Virginia Division of Motor Vehicles (hereinafter referred to as "the Commissioner"), the petitioner herein, challenging two separate orders of the Circuit Court of Kanawha County holding that the *nolo contendere* pleas of the respondents, Justin Brant Wood and Mark Thompson ["respondents"], do not constitute convictions under W. Va.Code § 17C–5A–1a(e) (2010), thus entitling each of the respondents to an administrative hearing prior to having their drivers' licenses revoked. Herein, the Commissioner argues that the circuit courts erred in granting extraordinary relief to the respondents and prohibiting the Commissioner from automatically revoking the respondents' drivers licenses because the *nolo contendere* pleas constitute convictions under the applicable law. For the reasons expressed below, we affirm the orders of the Circuit Court of Kanawha County and remand these matters for further proceedings consistent with this opinion.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The underlying facts involved in these consolidated appeals are virtually identical in that both respondents pled *nolo contendere* (no contest) to driving under the influence of alcohol ("DUI"), an offense defined in W. Va.Code § 17C–5–2,[1] and both had previous DUI convictions and/or revocations within the preceding decade. The Commissioner automatically revoked the respondents' drivers' licenses taking the position that a *nolo contendere* plea to a second DUI (or greater) offense is a conviction. Disagreeing, the drivers each filed a petition for a writ of extraordinary relief in the circuit court, which the circuit court granted, holding that an automatic revocation was impermissible. The specific facts and procedural history of each respondent's case are set forth below.

### *Justin Wood*

■ On February 3, 2010, respondent Justin Brant Wood was arrested for DUI in Monongalia County, West Virginia by the Morgantown City Police Department.[2] On February 17, 2010, the Commissioner issued an Order of Revocation, revoking Wood's drivers' license, based upon its receipt of the DUI Information Sheet from the investigating officer of the February 3, 2010, arrest. On March 2, 2010, Wood requested an administrative hearing on the February 17, 2010, Order of Revocation. An administrative hearing was scheduled for September 30, 2010. Prior to the administrative hearing, Wood pled no contest to DUI on July 16, 2010, in the Municipal Court of Morgantown. By a second Order of Revocation dated August 12, 2010, the Commissioner revoked Wood's privilege to drive a motor vehicle based upon notice from the clerk of the Morgantown Municipal Court that Wood was "convicted" of the offense of DUI. Following that order, Wood filed a "Petition for Appeal"[3] with the Circuit Court of Kanawha County arguing that because he pled no contest to DUI in Morgantown Municipal Court, he was not "convicted" under the applicable law and thus, there was no basis for the Commissioner's August 12, 2010, Order of

1. W. Va.Code § 17C–5–2 (2010) is the applicable criminal statute outlining the penalties pertaining to charges of driving under the influence of alcohol, controlled substances or drugs.

2. A "Driver History Inquiry–Suspension Data" sheet contained within the record indicates that Wood was previously convicted for a DUI violation that occurred on June 25, 2000.

3. Although Wood filed a "Petition for Appeal" before the circuit court, the relief sought was actually extraordinary, as no administrative hearing was held on the order of revocation revoking Wood's drivers' license. Accordingly, the circuit court decided the issue presented utilizing a writ of certiorari standard of review. "Unless otherwise provided by law, the standard of review by a circuit court in a writ of certiorari proceeding ... is de novo." Syl. Pt. 2, *State ex rel. Prosecuting Attorney of Kanawha County v. Bayer Corp.*, 223 W.Va. 146, 672 S.E.2d 282 (2008).

Revocation. The circuit court, Judge Louis Bloom, concluded that under W. Va.Code § 17C–5A–1a(e) (2010)[4], Wood was not convicted of a DUI offense because he pled no contest. Accordingly, the circuit court concluded that the Commissioner was required to hold an administrative hearing on its February 17, 2010, Order of Revocation.

### Mark Thompson

On September 28, 2010, respondent Mark Thompson was arrested for DUI.[5] He requested an administrative hearing on the license revocation, and the hearing was scheduled for April 29, 2011. On February 8, 2011, Thompson pled no contest to DUI in the Berkeley County Magistrate Court. On March 25, 2011, Thompson received an Order of Revocation, effective April 27, 2011, revoking his privilege to operate a motor vehicle based on his no contest plea. The Order of Revocation stated that the Commissioner had received notice that Thompson was "convicted" of driving a motor vehicle in this State while under the influence of alcohol and for refusing to submit to the secondary chemical test. On April 6, 2011, the Office of Administrative Hearings sent a letter to Thompson stating that because they had received an abstract of judgment[6] showing a DUI conviction, his hearing scheduled for April 29, 2011, was cancelled.

On April 18, 2011, Thompson filed a Writ of Prohibition and Application for Stay in the Circuit Court of Kanawha County arguing that under W. Va.Code § 17C–5A–1a(e), the Commissioner acted in violation of state law in cancelling his previously scheduled administrative license revocation hearing and revoking his privilege to operate a motor vehicle based exclusively on the no contest plea to DUI. The circuit court, Judge Tod Kaufman, granted the Writ of Prohibition and

found that a *nolo contendere* plea was not a conviction under W. Va.Code § 17C–5A–1a(e) and that Thompson was entitled to a ruling on the merits of his drivers' license revocation.

Following the entry of these circuit court orders, the Commissioner filed the instant appeals. Because these matters allege identical assignments of error, this Court consolidated the cases for purposes of appellate review.

### II.

### STANDARD OF REVIEW

In respondent Woods's case, the circuit court granted the driver extraordinary relief through a writ of certiorari. In respondent Thompson's case, the circuit court granted the driver extraordinary relief through a writ of prohibition. The Commissioner avers that granting extraordinary relief through writs of certiorari and prohibition was in error because these forms of relief extend only to prevent usurpation of power by a judicial or quasi-judicial tribunal and does not extend to ministerial acts. *State ex rel. Noce v. Blankenship*, 93 W.Va. 273, 116 S.E. 524 (1923). *See also Kump v. McDonald*, 64 W.Va. 323, 61 S.E. 909, 910 (1908); *State ex rel. Potter v. Office of Disciplinary Counsel*, 226 W.Va. 1, 2, 697 S.E.2d 37, 38 (2010). The Commissioner further argues that the act of revoking a license is not quasi-judicial, but ministerial; it only becomes quasi-judicial after initiation of adversarial proceedings. *DeRosa v. Bell*, 24 F.Supp.2d 252, 256 (D.Conn.1998).

Although extraordinary relief was procedurally granted in these cases through writs of certiorari and prohibition, because the circuit courts' orders awarded relief compelling the Commissioner to afford the respondents hearings on the merits, we find

---

4. W. Va.Code § 17C–5A–1a (2010) provides, in pertinent part, that "a plea of no contest does not constitute a conviction for purposes of this section except where the person holds a commercial drivers' license or operates a commercial vehicle." The provisions of W. Va.Code § 17C–5A–1a are discussed in further detail below.

5. A "Driver History Inquiry–Suspension Data" sheet contained within the record indicates that

Thompson was previously convicted for a DUI violation occurring on March 9, 2004.

6. West Virginia Code § 17C–5A–1a refers to the court's submission of a "transcript of the judgment of conviction" of DUI cases to DMV. Since the courts disposing of these cases generally are not courts of record, abstracts of judgments are submitted by the court clerks to satisfy this statutory notification requirement.

that these cases were, by nature, mandamus actions. *See* Syl. Pt. 3, *State ex rel. Greenbrier County Airport Auth. v. Hanna*, 151 W.Va. 479, 153 S.E.2d 284 (1967) ("Mandamus lies to require the discharge by a public officer of a nondiscretionary duty.") This Court may construe the pleadings as ones for mandamus when necessary. *See State ex rel. Affiliated Constr. Trades Foundation v. Vieweg*, 205 W.Va. 687, 692, 520 S.E.2d 854, 859 (1999).

"A writ of mandamus will not issue unless three elements coexist—1) a clear legal right in the petitioner to the relief sought; 2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and 3) the absence of another adequate remedy." Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). A failure to meet any one of the three elements is fatal to the request for relief. *State ex rel. Burdette v. Zakaib*, 224 W.Va. 325, 331, 685 S.E.2d 903, 909 (2009); *State ex rel. Richey v. Hill*, 216 W.Va. 155, 160, 603 S.E.2d 177, 182 (2004). "The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo." Syl. Pt. 1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995). Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Guided by these principles, we proceed to review the issue on appeal before us.

### III.

### DISCUSSION

The sole issue to be determined is whether the circuit courts erred in determining that a *nolo contendere* plea to a DUI offense that is preceded by another DUI offense or administrative revocation is not a conviction for revocation purposes. As explained more fully below, we find that the circuit courts did not commit error, and hold that in determining what constitutes a conviction for purposes of applying West Virginia Code § 17C–5A–1a(a) (2010), a person is convicted when the person enters a plea of guilty or is found guilty by a court or jury. Pursuant to West Virginia Code § 17C–5A–1a(e) (2010), a plea of *nolo contendere* (no contest) does not constitute a conviction for purposes of W. Va.Code § 17C–5A–1a(a) (2010) except where the person holds a commercial drivers' license or operates a commercial vehicle. Accordingly, a person entering a *nolo contendere* (no contest) plea to a second or subsequent offense defined in W. Va.Code § 17C–5–2 (2010) is entitled to an administrative license revocation hearing before the Office of Administrative Hearings.

The administrative procedures by which the Commissioner may revoke a drivers' license for driving under the influence of alcohol, controlled substances or drugs are codified in Article 5A, Chapter 17C of the West Virginia Code. West Virginia Code § 17C–5A–1 (2008) provides the Commissioner the authority to revoke or suspend a drivers' license without a conviction based upon information contained in an arresting officer's DUI Information Sheet which is required to be completed by W. Va.Code § 17C–5–2. West Virginia Code § 17C–5A–1(c) provides, in pertinent part, as follows:

> If, upon examination of the written statement of the officer and the tests results described in subsection (b) of this section, the commissioner determines that a person committed an offense described in section two, article five of this chapter ... and that the results of any secondary test or tests indicate that at the time the test or tests were administered the person had, in his or her blood, an alcohol concentration of eight hundredths of one percent or more, by weight, or at the time the person committed the offense he or she was under the influence of alcohol, controlled substances or drugs, the commissioner shall make and enter an order revoking or suspending the person's license to operate a motor vehicle in this state.

In the circumstances delineated in W. Va. Code § 17C–5A–1 where a conviction has not occurred, West Virginia Code § 17C–5A–2 (2010) affords those drivers whose licenses have been revoked or suspended an opportu-

nity to file written objections to an order of revocation or suspension with the Office of Administrative Hearings. *See* W. Va.Code § 17C–5A–2(a) ("Written objections to an order of revocation or suspension under the provisions of section one of this article ... shall be filed with the Office of Administrative Hearings."). Upon receipt of an objection filed under W. Va.Code § 17C–5A–1, the Office of Administrative Hearings is required to notify the Commissioner, who in turn is required to stay the imposition of the period of revocation or suspension and afford the person an opportunity to be heard by the Office of Administrative Hearings. *See* W. Va.Code § 17C–5A–2(a).

However, in circumstances where a driver is convicted of an offense of DUI, W. Va. Code § 17C–5A–1a(a) (2010) provides that a drivers' license may be automatically revoked without affording the driver a hearing on the merits. West Virginia Code § 17C–5A–1a(a) provides, in pertinent part:

(a) If a person ... is convicted for an offense defined in section two, article five of this chapter ... the person's license to operate a motor vehicle in this state shall be revoked or suspended in accordance with the provisions of this section.

West Virginia Code § 17C–5A–1a(e) (2010) further provides guidance on what constitutes a conviction:

For the purposes of this section, a person is convicted when the person enters a plea of guilty or is found guilty by a court or jury. *A plea of no contest does not constitute a conviction for purposes of this section except where the person holds a commercial drivers' license or operates a commercial vehicle.*

*Id.* (emphasis added).

In this appeal, the Commissioner contends that because the respondents are second offenders, the definition of what constitutes a "conviction" should not be governed by W. Va.Code § 17C–5A–1a(e). Rather, the Commissioner asserts that under the language contained in W. Va.Code § 17C–5A–3a(d), a *nolo contendere* plea counts toward revocation. Thus, he contends that this Code provision grants him the authority to automatically revoke an individual's drivers' license if

he receives notice of a *nolo contendere* plea and the individual's license has previously been revoked within the preceding ten years, without granting that individual the opportunity to be heard at an administrative hearing. West Virginia Code § 17C–5A–3a (2010), provides, in pertinent part, as follows:

(a)(1) The Division of Motor Vehicles shall control and regulate a Motor Vehicle Alcohol Test and Lock Program for persons whose licenses have been revoked pursuant to this article or the provisions of article five of this chapter [§ 17C–5–1 et seq.] or have been convicted under section two, article five of this chapter [§ 17C–5–2], or who are serving a term of conditional probation pursuant to section two-b, article five of this chapter [§ 17C–5–2b].

. . .

(d) *Notwithstanding any provision of the code to the contrary,* a person shall participate in the program if the person is convicted under section two, article five of this chapter [§ 17C–5–2] or the person's license is revoked under section two of this article [§ 17C–5A–2] or section seven, article five of this chapter [§ 17C–5–7] and the person was previously either convicted or his or her license was revoked under any provision cited in this subsection within the past ten years. The minimum revocation period for a person required to participate in the program under this subsection is one year and the minimum period for use of the ignition interlock device is two years, except that the minimum revocation period for a person required to participate because of a violation of subsection (n), section two of this article [§ 17C–5A–2(n) ] or subsection (i), section two, article five of this chapter [§ 17C–5–2(i) ] is two months and the minimum period of participation is one year ....

*Id.* (emphasis added).

Specifically, the Commissioner focuses on the "notwithstanding clause" placed at the beginning of W. Va.Code § 17C–5A–3a(d) and claims that because of its placement in this particular statutory section, the Commissioner may ignore the mandates of all other sections, including W. Va.Code § 17C–5A–1a.

The Commissioner claims that the "notwithstanding clause" indicates the legislative intent that W. Va.Code § 17C–5A–3a(d) take precedence over any other enactment dealing with the same subject matter. Thus, he contends that the definition of what constitutes a "conviction" should not be governed by W. Va.Code § 17C–5A–1a(e). The Commissioner contends that both circuit courts ignored the "notwithstanding" language contained in W. Va.Code § 17C–5A–3a(d) in rendering their orders below.

Conversely, the respondents contend that the circuit courts did not commit error in finding that W. Va.Code § 17C–5A–3a(d) does not provide the Commissioner with authority to revoke their drivers' licenses based upon no contest pleas to a second offense. Rather, they contend that this code section does nothing more than establish the Motor Vehicle Alcohol Test and Lock Program, and govern the requirements for participation in such program. As Judge Kaufman found below:

> This code section establishes the Motor Vehicle Alcohol Test and Lock Program and governs participation in such program. It explains when a person must participate in the program, and more specifically, lists three code sections that require participation when a second offense is involved. It does not provide the [the Commissioner] with authority to revoke [respondent's] license based upon a no contest plea to a second offense. Moreover, it does not give the [the Commissioner] authority to prohibit the [respondent] from a hearing on his license revocation based upon his no contest plea.

This ruling is consistent with Judge Bloom's ruling in which he held that W. Va.Code § 17C–5A–3a, "does not grant the [the Commissioner] a legal basis to revoke a person's drivers' license; it only sets forth the parameters for participation in the program once such person's license is revoked." Respondents also argue that in looking at the title of W. Va.Code § 17C–5A–3a, "Establishment of and participation in the Motor Vehicle Alcohol Test and Lock Program," it is clear that no additional powers are given to the Commissioner to revoke drivers' licenses under this code section.

"In the construction of a legislative enactment, the intention of the legislature is to be determined, not from any single part, provision, section, sentence, phrase or word, but rather from a general consideration of the act or statute in its entirety." Syl. Pt. 1, *Parkins v. Londeree*, 146 W.Va. 1051, 124 S.E.2d 471 (1962). This Court has also held that "[s]tatutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syllabus Point 3, *Smith v. State Workmen's Compensation Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). In *Fruehauf Corp. v. Huntington Moving and Storage*, this Court held, "statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *para materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly." Syllabus Point 5, *Fruehauf Corp. v. Huntington Moving and Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975).

In order to ascertain the Legislature's intent in placing the "notwithstanding clause" at the beginning of W. Va.Code § 17C–5A–3a(d) and to determine whether it permits the Commissioner to ignore the provision in W. Va.Code § 17C–5A–1a defining what constitutes a conviction, this Court must look at Chapter 5A as a whole. We have examined the procedures contained in Chapter 5A which involve the interplay of the statutory provisions in W. Va.Code §§ 17C–5A–1 (revocation based upon examination of written law enforcement reports), 17C–5A–1a (revocation based upon DUI convictions), 17C–5A–2 (administrative hearing and periods of revocation), and 17C–5A–3a (test and lock program and periods of revocation). As we have noted in previous decisions of this Court, "[w]e fully appreciate that the statutes are far from a model of clarity . . ." *Harrison v. Commissioner, Division of Motor Vehicles*, 226 W.Va. 23, 32, 697 S.E.2d 59, 68 (2010).

In establishing the Motor Vehicle Alcohol Test and Lock Program and the requirements for participation, W. Va.Code § 17C–5A–3a(d)(2010) merely sets forth the minimum required revocation period and the minimum required period of use of the ignition interlock device once the Commissioner revokes or suspends an individual's license pursuant to statutory authority either under W. Va.Code § 17C–5A–1a or W. Va.Code § 17C–5A–2, when the person was either previously convicted or his or her license was revoked under these same subsections within the past ten years. *See* W. Va.Code § 17C–5A–3a(a)(1) and W. Va.Code § 17C–5A–3a(d). In so doing, W. Va.Code § 17C–5A–3a(d) appears to modify the requirements of W. Va.Code § 17C–5A–2(j)(2010)[7] by reducing the duration of second and subsequent offense suspensions from ten (10) years and a lifetime revocation respectively, to one (1) year followed by mandatory participation in the Motor Vehicle Alcohol Test and Lock Program. Thus, we conclude that the purpose of the "notwithstanding clause" in W. Va.Code § 17C–5A–3a(d) is not to grant the Commissioner any additional authority to revoke or suspend an individual's license, as the Commissioner contends, but rather, its purpose is to modify the existing code provision in W. Va.Code § 17C–5A–2(j) for the second and subsequent offense suspensions from a ten (10) year and lifetime suspension to one (*l*) year suspensions with mandatory participation in the test and lock program to follow.

Additionally, W. Va.Code § 17C–5A–3a(d) neither limits nor qualifies the circumstances in which the Commissioner has a non-discretionary duty to revoke a drivers' license. While W. Va.Code § 17C–5A–1a(e) contains an express definition of what constitutes a conviction, W. Va.Code § 17C–5A–3a(d) does not contain any type of express alternate definition of this term as it applies to subsequent license revocation proceedings. When we read these two code provisions in *pari materia*, we conclude that W. Va.Code § 17C–5A–1a(e) establishes what constitutes a conviction not simply for purposes of that section, but for purposes of the entire chapter. This interpretation makes logical sense, as we cannot conceive that the Legislature intended to use two completely different meanings of the term "conviction" in the same chapter covering the common subject matter of DUI license suspensions and revocations, especially when the statutes were both amended within a singular Act of the Legislature. *See* 2010 W. Va. Acts c. 136.[8]

When dealing with a license revocation based upon a conviction of an offense described in W. Va.Code § 17C–5–2, the Legislature has clearly stated that a plea of

**7.** West Virginia Code § 17C–5A–2(j) (2010) provides the following:
... *Provided, however,* That if the person's license has previously been suspended or revoked under the provisions of this section or section one of this article within the ten years immediately preceding the date of arrest, the period of revocation shall be ten years: *Provided further,* That if the person's license has previously been suspended or revoked more than once under the provisions of this section or section one of this article within the ten years immediately preceding the date of arrest, the period of revocation shall be for the life of the person.
*Id.*

**8.** In reaching this conclusion, we are persuaded by the fact that Syllabus Point 2 of our prior decision in *Baker v. Bolyard,* 221 W.Va. 713, 656 S.E.2d 464 (2007), was subsequently superseded by statutory amendment to W. Va.Code § 17C–5A–1a(e) in 2010. In *Bolyard,* this Court held that
[w]here a person enters a plea of *nolo contendere* to an offense defined in W. Va.Code

§ 17C–5–2 (2007), the mandatory license revocation or suspension provisions of W. Va.Code § 17C–5A–1a(a) (2004) are triggered because that person has been found guilty by a court, by virtue of a *nolo contendere* plea to criminal charges, and is thus deemed convicted of the offense pursuant to the provisions of W. Va. Code § 17C–5A–1a(e) (2004).
Syl. Pt. 2, 221 W.Va. 713, 656 S.E.2d 464. *See also State ex rel. Stump v. Johnson,* 217 W.Va. 733, 742, 619 S.E.2d 246, 255 (2005) (finding that because a drivers' *nolo contendere* plea to DUI constituted a conviction pursuant to the plain language of the statute, the statute imposed a mandatory duty on DMV to revoke a drivers' license whenever a DUI conviction occurs.) Subsequent to *Stump* and *Bolyard,* the Legislature amended § 17C–5A–1a(e) in 2010 to add the second sentence relating to no contest pleas which specifically provides that "[a] plea of no contest does not constitute a conviction for purposes of this section except where the person holds a commercial drivers' license or operates a commercial vehicle."

no contest does not constitute a conviction. W. Va.Code § 17C–5A–1(a)(e). Thus, because the respondents in these consolidated cases pled no contest to the charges against them, we find that they were not convicted of the charge of DUI for purposes of W. Va. Code § 17C–5A–1a(a). Accordingly, we find that the Commissioner lacked the authority to revoke respondents' drivers' licenses without affording them the opportunity to be heard at an administrative hearing. The circuit courts below ruled correctly in finding such and ordering that the Commissioner afford respondents a hearing on the merits of their revocations. Affording a person entering a plea of *nolo contendere* on a subsequent DUI offense the opportunity to be heard by the Office of Administrative Hearings ensures that his or her respective property interests remain protected. *See Abshire v. Cline,* 193 W.Va. 180, 455 S.E.2d 549 (1995); *see also Jordan v. Roberts,* 161 W.Va. 750, 753, 246 S.E.2d 259, 261 (1978) ("[W]e characterize a drivers license as a property interest and require the protection of our Due Process Clause before its suspension.").

## IV.

### CONCLUSION

For the foregoing reasons, the April 20, 2011, order and the May 27, 2011, order of the Circuit Court of Kanawha County are affirmed.

**Affirmed.**